■ VALERIE A. ZEPPELIN, Appellant, v WILLIAM R. ZEPPELIN, Respondent. [666 NYS2d 486] —In an action for a divorce and ancillary relief, the plaintiff wife appeals from a judgment of the Supreme Court, Suffolk County (Henry, J.), entered April 7, 1997, upon an order of the same court (Blydenburgh, J.), dated February 25, 1997, denying her motion to vacate the parties' stipulation of settlement dated January 29, 1996.

Ordered that the judgment is reversed, on the law, with costs, the order dated February 25, 1997, is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

During the pendency of this matrimonial action, the parties entered into a stipulation of settlement resolving the issues of equitable distribution, child support, and maintenance, among others. Before the judgment of divorce was entered, the wife moved to set aside the stipulation as being unconscionable and the result of fraud, undue influence, coercion, etc. By order dated February 25, 1997, the court denied the wife's motion, without prejudice, holding that the wife's remedy was to commence a plenary action. Thereafter, a judgment of divorce was entered incorporating by reference the terms of the parties' stipulation of settlement. On appeal, the wife argues that the court erred in not entertaining her motion on the merits. We agree and remit the matter for further proceedings.

Where, as here, an action has not been "terminated", a challenge to a stipulation entered into during the course of the litigation need not be made by a plenary action, but may be made by motion (*Teitelbaum Holdings v Gold*, 48 NY2d 51, 56; *see also*, Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2104:3, at 766). Rosenblatt, J. P., Ritter, Altman and Florio, JJ., concur.