■ Mary Arguelles, Respondent, v Eugene Arguelles, Appellant. [675 NYS2d 551] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), dated June 18, 1997, as denied his motion to vacate the parties' stipulation of settlement entered into in open court on January 21, 1997, "without prejudice to defendant's right to bring a plenary action to rescind the stipulation".

Ordered that the order is modified, on the law, by deleting the words "without prejudice to defendant's right to bring a plenary action to rescind the stipulation"; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

Where, as here, an action has not been terminated, a challenge to a stipulation entered into during the course of the litigation need not be made by commencing a plenary action, but may be made by motion (see, Zeppelin v Zeppelin, 245 AD2d 504; see also, Teitelbaum Holdings v Gold, 48 NY2d 51, 56). Accordingly, the Supreme Court erred in concluding that the defendant could challenge the stipulation only by commencing a plenary action.

However, upon review of the merits of the defendant's motion, we find that he failed to demonstrate entitlement to

vacatur of the stipulation (*see, Lazich v Lazich,* 233 AD2d 425; *Cavalli v Cavalli,* 226 AD2d 666; *Ferraiulo v Ferraiulo,* 221 AD2d 412; *Morris v Kavaky,* 210 AD2d 383). Ritter, J. P., Thompson, Altman and McGinity, JJ., concur.