■ SANDRA BAILEY, Respondent, v STEPHEN ASSAM, Appellant. [702 NYS2d 639] —In a matrimonial action in which the parties were divorced by judgment dated March 20, 1996, the defendant former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Lifson, J.), dated September 23, 1998, as granted the motion of the plaintiff former wife to be appointed the receiver of certain real property for the purpose of transferring to her the defendant's interest therein, and denied his cross motion to vacate a stipulation of settlement entered into in open court on June 16, 1997.

Ordered that the order is affirmed insofar as appealed from, with costs.

Following entry of a judgment of divorce, the parties entered into a stipulation in open court to resolve issues of child support, maintenance, and equitable distribution. As part of the so-ordered stipulation the defendant agreed to transfer to the plaintiff his interest in the former marital premises.

Contrary to the conclusion of the Supreme Court, the so-ordered stipulation did not terminate the action (*see, Teitelbaum Holdings v Gold,* 48 NY2d 51). Thus, the Supreme Court erred in concluding that the defendant could only challenge the stipulation by commencing a plenary action (*see, Arguelles v Arguelles,* 251 AD2d 611; *Zeppelin v Zeppelin,* 245 AD2d 504). Nevertheless, the defendant's cross motion to vacate the stipulation was properly denied because he failed to adduce medical evidence to support his claim of mental incapacity, or demonstrate that the stipulation was unconscionable (*see, Arguelles v Arguelles, supra; Lavelle v Lavelle,* 187 AD2d 912). The plaintiff was entitled to enforcement of the stipulation because the defendant failed to controvert her evidence that he had not complied with the stipulation (*see, Natole v Natole,* 256 AD2d 558). Accordingly, the Supreme Court properly granted the plaintiff's motion to be appointed the receiver for the purpose of transferring the defendant's interest in the marital residence to her. Bracken, J. P., Krausman, McGinity and Schmidt, JJ., concur.