■ GERALD R. BERKMAN, Respondent, v THERESA A. BERKMAN, Appellant. [730 NYS2d 865] —In an action for a divorce and ancillary relief, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Stack, J.), dated September 26, 2000, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint and, in effect, dismissed her counterclaim to set aside the separation agreement on the grounds of fraud and duress.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment is denied, and the matter is remitted to the Supreme Court, Nassau County, for financial disclosure and a hearing on the defendant's counterclaim to determine whether the separation agreement should be set aside on the ground of fraud or duress.

The courts will closely scrutinize a separation agreement (*see, Levine v Levine,* 56 NY2d 42, 47) and may set it aside on "a showing of fraud or duress, or where the agreement is manifestly unfair to a spouse because of the other's overreaching" (*Cardinal v Cardinal,* 275 AD2d 756, 757; *see, Frank v Frank,* 260 AD2d 344).

The evidence submitted by the defendant in opposition to the motion for summary judgment raised a triable issue of fact as to whether the plaintiff may have overreached in the execution of the separation agreement. A reasonable inference exists that the plaintiff may not have fully disclosed his financial assets during the mediation process to the detriment of the defendant and the parties' children. Moreover, there is an issue of fact concerning the extent of the plaintiff's financial assets as well as their value at the time the separation agreement was executed. Financial disclosure and a hearing are warranted on this issue in order to test the validity of the separation agreement (*see, Picciano v Picciano,* 134 AD2d 418; *cf., Fakiris v Fakiris,* 177 AD2d 540, 543). Ritter, J. P., S. Miller, Luciano and Crane, JJ., concur.