■ PETER CRUCIATA, Plaintiff, v JOSEPHINE CRUCIATA, Defendant. (Action No. 1.) JOSEPHINE CRUCIATA, Appellant, v PETER CRUCIATA, Respondent. (Action No. 2.) [780 NYS2d 761]—

In an action for a divorce and ancillary relief (Action No. 1) and a related action to rescind a stipulation of settlement dated September 24, 2002, entered into in Action No. 1 (Action No. 2), Josephine Cruciata appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Richmond County (Lebowitz, J.), dated May 29, 2003, as denied her motion in Action No. 2, in effect, for summary judgment declaring that the stipulation of settlement was void ab initio, and (2) so much of an order of the same court dated December 15, 2003, as, upon granting Peter Cruciata's oral application for leave to reargue his cross motion to dismiss the complaint in Action No. 2 pursuant to CPLR 3211 (a), which had been denied in the order dated May 29, 2003, granted the cross motion.

Ordered that on the Court's own motion, the notice of appeal from the order dated December 15, 2003, is treated as an application for leave to appeal, and leave to appeal is granted; and it is further,

Ordered that the order dated December 15, 2003, is reversed insofar as appealed from, on the law, and, upon reargument, so much of the order dated May 29, 2003, as denied the cross motion is adhered to; and it is further;

Ordered that the order dated May 29, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The Supreme Court erred in, upon reargument, granting the cross motion of the respondent Peter Cruciata to dismiss the complaint in Action No. 2 pursuant to CPLR 3211 (a). Where, as here, the matrimonial action (Action No. 1) had not been terminated, a challenge to a stipulation entered into during the course of the litigation may be made by commencing a plenary action or by motion within the matrimonial action (see *Zeppelin v Zeppelin,* 245 AD2d 504 [1997]; *Arguelles v Arguelles,* 251 AD2d 611 [1998]; *see also Teitelbaum Holdings v Gold,* 48 NY2d 51 [1979]). A stipulation of settlement should be closely scrutinized and may be set aside upon a showing that it is unconscionable or the result of fraud, or where it is shown to be manifestly unjust because of the other spouse's overreaching (see *Christian v Christian,* 42 NY2d 63, 72-73 [1977]; *Santini v Robinson,* 306 AD2d 266 [2003]; *Gilbert v Gilbert,* 291 AD2d 479 [2002]).

Here, the allegations in the complaint in Action No. 2, if proven, were sufficient to create an inference of duress and intimidation exercised by the respondent and the former Law Guardian as to the issue of custody. Furthermore, a reasonable inference exists that the respondent may not have fully disclosed his financial assets, and that his pension and other assets were overlooked in arriving at the stipulation and, as a result, the terms of the agreement were so inequitable as to be manifestly unfair to the appellant. Under these circumstances, the Supreme Court should have denied the cross motion to dismiss the complaint in Action No. 2 and exercised its equitable powers and directed further financial disclosure followed by a hearing "to test the validity of the [stipulation of settlement]" (*Berkman v Berkman,* 287 AD2d 426, 427 [2001]; *see Christian v Christian, supra*).

The parties' remaining contentions are without merit. Prudenti, P.J., Ritter, Cozier and Skelos, JJ., concur.