JOSEPH G. SANTINI, Respondent, v DONNA L. ROBINSON, Appellant. [891 NYS2d 100]—

In an action to set aside the financial provisions of the parties' stipulation of settlement dated January 9, 1992, which was incorporated but not merged into a judgment of divorce, the defendant appeals from a judgment of the Supreme Court, Nassau County (Spinola, J.), entered March 29, 2007, which, inter alia, after a nonjury trial, set aside the provisions of the stipulation of settlement (1) awarding her 100% of the plaintiff's deferred compensation benefits, (2) directing the plaintiff to pay her interest at an annual rate of 9% on a $19,000 promissory note, (3) awarding her 100% of the parties' individual retirement accounts, (4) awarding her exclusive possession of the marital home, (5) directing the plaintiff to pay 100% of the college ex-

penses for the parties' three children, and (6) directing the plaintiff to pay her lifetime maintenance.

Ordered that the judgment is modified, on the law, (1) by deleting (a) the second decretal paragraph thereof setting aside the entire stipulation of settlement dated January 9, 1992, (b) the third decretal paragraph thereof setting aside articles 3 and 4 of the stipulation and the promissory notes executed by the plaintiff in conjunction therewith, (c) the fourth decretal paragraph thereof directing the defendant to disgorge one half of the plaintiff's deferred compensation benefits, (d) the sixth decretal paragraph thereof awarding the plaintiff the sum of $6,402.21 from the plaintiff's IRA accounts, (e) the seventh decretal paragraph thereof awarding the plaintiff a sum equal to one half of the equity in the marital residence minus the sum of $24,000, (f) the eighth decretal paragraph thereof setting aside article 6, paragraph C of the stipulation relating to college expenses, (g) the tenth decretal paragraph thereof awarding the plaintiff the sum of $33,488, and (h) the eleventh decretal paragraph thereof valuing the marital portion of the plaintiff's pension at $106,957.98, (2) by deleting from the fifth decretal paragraph thereof the words "is awarded a judgment against the Defendant, Donna Robinson, in a sum equal to any 'unused sick time funds' paid to the Defendant" and substituting therefor the words "shall not be liable for any sum," and (3) by deleting from the ninth decretal paragraph thereof the words "paragraphs A, B, and C" and substituting therefor the words "paragraph B," and by deleting the word "forthwith" and substituting the words "as of June 7, 2006"; as so modified, the judgment is affirmed, without costs or disbursements.

The parties to the underlying matrimonial action were married on February 19, 1973 and have three children. The principal assets acquired by the parties during their marriage included their approximately $100,000 equity interest in the marital residence, their individual retirement account (hereinafter IRA) and joint bank accounts, the plaintiff's deferred compensation plan, and his future retirement pension, valued at more than $242,000.

The plaintiff left the marital residence in July 1991 after more than 18 years of marriage. In November 1991 the defendant commenced the underlying action, inter alia, for a divorce. The parties entered into a separation agreement entitled a "stipulation of settlement," dated January 9, 1992. The defendant was represented by an attorney in connection with the negotiation of the separation agreement, while the plaintiff represented himself. At that time, the plaintiff was 42 years old and

employed by the Nassau County Sheriff's Department, while the defendant was 41 years old, unemployed, and legally blind, albeit able to work part-time and receiving Social Security disability benefits.

The parties visited the defendant's attorney twice in connection with the separation agreement, and the attorney advised the plaintiff repeatedly, both in writing and orally, that he should retain separate counsel. The plaintiff testified that he voluntarily signed the agreement on January 9, 1992, although he contended that he merely "scanned" the agreement and had not understood the provisions that he read. It is undisputed, however, that the agreement prepared by counsel contained the general terms previously agreed upon between the parties during their own private negotiations.

In relevant part, the separation agreement provided that the marital residence subject to the mortgage, the IRAs and joint bank accounts, and the plaintiff's deferred compensation plan in the form of promissory notes would be distributed to the defendant and that she would receive child support and lifetime maintenance even upon remarriage. Further, the agreement provided that the maintenance payment would be increased by a percentage each time one of the children was emancipated and by an additional 4% per annum. For his part, the plaintiff retained his pension, his automobile, some bank accounts, and certain furniture. The agreement was subsequently incorporated, but not merged, into the judgment of divorce dated April 17, 1992.

In 1998 the defendant remarried. On March 24, 2000 the plaintiff commenced this action to set aside the separation agreement as unfair, inequitable, and unconscionable. The defendant moved for summary judgment dismissing the complaint, which motion was granted. By decision and order dated June 2, 2003, this Court reversed the order granting the defendant's motion for summary judgment dismissing the complaint, reinstated the complaint, and directed a hearing on the issues of unconscionability and ratification (see Santini v Robinson, 306 AD2d 266 [2003]).

Following that hearing, the Supreme Court, inter alia, (1) set aside the provisions of the parties' separation agreement awarding the defendant 100% of the plaintiff's deferred compensation and the parties' IRAs, (2) terminated the defendant's exclusive possession of the marital home, (3) limited the plaintiff's obligation for college expenses of the parties' three children to $15,000 per year, (4) terminated the defendant's lifetime maintenance as of the date of her 1998 remarriage, (5) awarded a money

judgment to the defendant for all interest payable on a $19,000 promissory note dated January 9, 1992, and (6) awarded a credit of $33,488 to the plaintiff for his maintenance payments after the defendant's remarriage. The defendant appeals, and we modify.

"A stipulation of settlement should be closely scrutinized and may be set aside upon a showing that it is unconscionable or the result of fraud, or where it is shown to be manifestly unjust because of the other spouse's overreaching" (*Cruciata v Cruciata,* 10 AD3d 349, 350 [2004]; *see Christian v Christian,* 42 NY2d 63, 72-73 [1977]; *Santini v Robinson,* 306 AD2d 266 [2003]; *Gilbert v Gilbert,* 291 AD2d 479 [2002]). Although stipulations of settlement are favored by the courts and will not be lightly set aside (*see Curtis v Curtis,* 20 AD3d 653, 654 [2005]; *Kavanagh v Kavanagh,* 2 AD3d 688, 688-689 [2003]; *Gilbert v Gilbert,* 291 AD2d. 479, 480 [2002]; Domestic Relations Law § 236 [B] [3]), " 'courts have thrown their cloak of protection about separation agreements and made it their business, when confronted, to see to it that they are arrived at fairly and equitably, in a manner so as to be free from the taint of fraud and duress, and to set aside or refuse to enforce those born of and subsisting in inequity' " (*Kessler v Kessler,* 33 AD3d 42, 46 [2006], quoting *Christian v Christian,* 42 NY2d at 72; *see Curtis v Curtis,* 20 AD3d at 654). Separation agreements or portions thereof may be set aside if their terms evidence a bargain so inequitable "that no reasonable and competent person would have consented to it" (*Bright v Freeman,* 24 AD3d 586, 588 [2005]; *see Broer v Hellermann,* 2 AD3d 1247, 1248 [2003]; *Tartaglia v Tartaglia,* 260 AD2d 628, 629 [1999]; *Yuda v Yuda,* 143 AD2d 657, 658 [1988]).

In applying these principles, the Supreme Court erred in setting aside the parties' entire separation agreement as unconscionable since the equitable distribution of the marital property was not manifestly unjust (*see Cruciata v Cruciata,* 10 AD3d at 350; *Lounsbury v Lounsbury,* 300 AD2d 812, 814 [2002]; *Croote-Fluno v Fluno,* 289 AD2d 669, 670 [2001]). Pursuant to the separation agreement, the defendant was awarded, inter alia, the marital residence and most of its contents, the IRAs and the payment of certain promissory notes by the plaintiff, while the plaintiff retained his pension, his car, and some furniture. The plaintiff acknowledged at trial that he was willing to give the defendant everything as long as he retained his pension. Any inequity in this property division is not "so strong and manifest as to shock the conscience and confound the judgment" of this Court (*Christian v Christian,* 42 NY2d at

71; *see Lounsbury v Lounsbury,* 300 AD2d at 814; *Croote-Fluno v Fluno,* 289 AD2d at 670). Accordingly, these provisions of the separation agreement must be reinstated, except as provided herein below.

We agree with the Supreme Court that the interest provision in the promissory note and the lifetime escalating maintenance provisions are unconscionable (*see Tartaglia v Tartaglia,* 260 AD2d at 629; *Yuda v Yuda,* 143 AD2d at 659). In particular, the plaintiff executed a promissory note for $19,000 in the defendant's favor with an annual interest rate of 9%, which represented her one-half portion of the plaintiff's unused vacation and sick time. Although the unused vacation and sick time were not in "Pay Out" status until the plaintiff's future retirement, the note provided that the annual 9% interest would accrue immediately upon execution. This interest provision was manifestly unjust.

Furthermore, the plaintiff was obligated to pay child support and all college expenditures for three children, as well as maintenance payments which increased each year during the defendant's lifetime. The lifetime nature of the maintenance and its 4% increase each year for the rest of the defendant's life, on top of a percentage increase following the emancipation of each of their children, represents a sum far in excess of the value of the plaintiff's marital distribution.

In fact, testimony elicited at trial revealed that by the time the plaintiff is 65 years of age, he will be exhausting his primary marital asset by giving the defendant almost one half of his yearly pension. This Court finds "that no reasonable and competent person would have consented to" this lifetime escalating maintenance provision (*Bright v Freeman,* 24 AD3d at 588; *see Christian v Christian,* 42 NY2d at 71). Contrary to the Supreme Court's termination of the defendant's maintenance upon her remarriage, a maintenance period of 16 years—from the 1991 commencement of the matrimonial action to June 7, 2006—is more appropriate under the extant circumstances and in accordance with Domestic Relations Law § 236 (B) (6) (a) (*see Schwalb v Schwalb,* 50 AD3d 1206 [2008]; *Sevdinoglou v Sevdinoglou,* 40 AD3d 959, 960 [2007]). Given this determination, the plaintiff is not entitled to any recoupment of maintenance he paid after the defendant's remarriage in 1998 as set forth in the tenth decretal paragraph (*see Rader v Rader,* 54 AD3d 919 [2008]; *Redgrave v Redgrave,* 25 AD3d 973 [2006]).

The defendant's remaining contentions are without merit. Mastro, J.P., Fisher, Balkin and Chambers, JJ., concur.