• In a matrimonial action, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Zimmerman, J.), dated May 5, 2009, as amended August 4, 2009, as granted those branches of the plaintiffs motion which were to set aside, inter alia, the equitable distribution, maintenance, and child support provisions of the parties’ stipulation of settlement, and that branch of the plaintiffs separate motion which was for pendente lite relief to the extent of awarding her temporary child support and maintenance in the sum of $2,700 per month.
Ordered that the order, as amended, is affirmed insofar as appealed from, without costs or disbursements.
“A stipulation of settlement should be closely scrutinized and *1049 may be set aside upon a showing that it is unconscionable or the result of fraud, or where it is shown to be manifestly unjust because of the other spouse’s overreaching” (Cruciata v Cruciata, 10 AD3d 349, 350 [2004]; see Christian v Christian, 42 NY2d 63, 72-73 [1977]; Santini v Robinson, 68 AD3d 745, 749 [2009]; Chapin v Chapin, 12 AD3d 550, 551 [2004]; Berkman v Berkman, 287 AD2d 426 [2001]). Although judicial review of stipulations of settlement such as postnuptial agreements is to be exercised sparingly, with the goal of encouraging parties to settle their differences by themselves (see Christian v Christian, 42 NY2d at 71-72; Korngold v Korngold, 26 AD3d 358 [2006]; Curtis v Curtis, 20 AD3d 653, 654-655 [2005]), “courts have thrown their cloak of protection” over postnuptial agreements, “and made it their business, when confronted, to see to it that they are arrived at fairly and equitably, in a manner so as to be free from the taint of fraud and duress, and to set aside or refuse to enforce those born of and subsisting in inequity” (Christian v Christian, 42 NY2d at 72; see Santini v Robinson, 68 AD3d at 749). “To warrant equity’s intervention, no actual fraud need be shown, for relief will be granted if the settlement is manifestly unfair to a spouse because of the other’s overreaching” (Christian v Christian, 42 NY2d at 72; see Barchella v Barchella, 44 AD3d 696, 697 [2007]; O’Malley v O’Malley, 41 AD3d 449, 450 [2007]). An agreement may be set aside if its terms evidence a bargain so inequitable “that no reasonable and competent person would have consented to it” (Bright v Freeman, 24 AD3d 586, 588 [2005]; see Pippis v Pippis, 69 AD3d 824 [2010]; Santini v Robinson, 68 AD3d at 749).
Applying these principles here, we agree with the Supreme Court that the equitable distribution, maintenance, and child support provisions of the parties’ stipulation of settlement are so one-sided and unfair that no reasonable and competent person would have consented to them. Among other things, the wife, who was the primary caregiver for the children during the parties’ 15-year marriage, waived her right to maintenance and an interest in the husband’s pizzeria business, and agreed to use $200,000 in separate property funds to pay off the bulk of the first mortgage on the marital residence, despite the fact that the mortgage had been refinanced in order to provide capital for the husband’s business. Furthermore, considering the nature of the husband’s business and the past level of support he provided to the children, the agreed-upon amount of child support is wholly inadequate. Under these circumstances, the Supreme Court properly granted those branches of the plaintiffs motion which were to set aside, inter alia, the equitable distribution, maintenance, and child support provisions of *1050 the parties’ stipulation of settlement (see Bright v Freeman, 24 AD3d at 588; Gibson v Gibson, 284 AD2d 908, 909 [2001]), and properly awarded temporary child support and maintenance. Mastro, J.P., Eng, Leventhal and Roman, JJ., concur.