◼ Elham Cohanim Potter, Respondent, v Noah Potter, Appellant. [985 NYS2d 106]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Nassau County (Maron, J.), entered May 31, 2011, which, among other things, granted that branch of the plaintiff's motion which was to compel him to pay, pendente lite, one half of the outstanding real estate taxes owed to the County of Nassau on the former marital residence, pursuant to paragraph four of a stipulation between the parties, and denied that branch of his cross motion which was to vacate paragraph four of the parties' stipulation.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The parties were married in 1997 and have two children. The plaintiff commenced this action for a divorce and ancillary relief, and on June 1, 2001, the parties executed a stipulation which was "so ordered" by the Supreme Court. The stipulation, inter alia, provided for a partial settlement of the equitable distribution of the marital assets. Paragraph four of the stipulation, entitled "Pendente Lite Payments," provided that, pendente lite, the parties "shall equally pay," among other things, the real estate taxes on the marital residence.

The plaintiff moved, inter alia, to direct the defendant, pursuant to paragraph four, to pay one half of the outstanding real estate taxes owed to the County of Nassau on the former marital residence. The defendant opposed the motion and cross-

moved, among other things, to vacate paragraph four, arguing that paragraph four was unenforceable on the grounds that it was unconscionable, and was based on fraud because, inter alia, the plaintiff had concealed assets by failing to disclose the existence of a certain bank account prior to or at the time the stipulation was entered into.

In the order appealed from, the Supreme Court determined that the defendant failed to comply with CPLR 2214 (a), and stated that it would "not consider the merits of the purported cross motion." The Supreme Court, inter alia, granted that branch of the plaintiff's motion which was to compel the defendant to pay one half of the outstanding real estate taxes owed to the County of Nassau on the former marital residence. The defendant appeals, contending, among other things, that his cross motion complied with CPLR 2214 (a), and that this Court should vacate paragraph four, or the entire stipulation, as the plaintiff concealed some of her assets.

"A stipulation of settlement should be closely scrutinized and may be set aside upon a showing that it is unconscionable or the result of fraud, or where it is shown to be manifestly unjust because of the other spouse's overreaching" (*Cruciata v Cruciata*, 10 AD3d 349, 350 [2004]; *see Christian v Christian*, 42 NY2d 63, 72-73 [1977]; *Santini v Robinson*, 68 AD3d 745, 749 [2009]). Here, the Supreme Court properly granted the subject branch of the plaintiff's motion because the plaintiff demonstrated that the defendant failed to pay one half of the outstanding real estate taxes owed to the County of Nassau on the former marital residence.

The Supreme Court erroneously determined that the defendant's notice of cross motion did not comply with CPLR 2214 (a) (*see Matter of Blauman-Spindler v Blauman*, 68 AD3d 1105, 1106 [2009]). Nevertheless, the denial of that branch of the defendant's cross motion which was to vacate paragraph four of the stipulation was appropriate as the defendant's submissions did not establish that paragraph four of the stipulation should be vacated on the ground of unconscionability or fraud. The defendant's remedy for any perceived inequity with respect to his pendente lite obligation under paragraph four of the stipulation is to seek a speedy trial (*see Iwanow v Iwanow*, 39 AD3d 471, 472 [2007]).

The defendant's contention that the entire stipulation should be vacated, raised for the first time on appeal, is not properly before this Court (*see Mortgage Elec. Registration Sys., Inc. v Korolizky*, 100 AD3d 605, 606 [2012]; *Joe v Upper Room Ministries, Inc.*, 88 AD3d 963, 964 [2011]).

The defendant's remaining contentions are without merit. Rivera, J.P., Dickerson, Leventhal and Hall, JJ., concur.

Motion by the respondent on an appeal from an order of the Supreme Court, Nassau County, entered May 31, 2011, inter alia, to dismiss the appeal, in effect, on the ground that the appellant is not aggrieved. By decision and order on motion of this Court dated February 8, 2013, the branch of the motion which was to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the motion is denied. Rivera, J.P., Dickerson, Leventhal and Hall, JJ., concur.