(February 20, 1990)

■ ALICE ANDREWS, Formerly Known as ALICE DOLAN, Respondent, v JOHN DOLAN, Appellant.—

Pursuant to a judgment of divorce dated December 3, 1979, the marital residence was to be sold with the parties dividing the net profit equally between them. The defendant was granted the right to remain in the residence until it was sold. After unsuccessfully attempting to sell the house in 1980 and 1981, the plaintiff did not undertake any further legal action until 1987 when she brought the instant motion seeking to enforce the provision of the judgment which directed the sale of the marital residence. The defendant cross-moved to modify the judgment by vacating the provision directing the sale and by substituting therefor a provision allowing him to continue his exclusive possession of the former marital residence. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion.

The Supreme Court properly rejected the defendant's argument that the plaintiff had waived her right to enforce the judgment due to her inaction between 1981 and her motion in 1987. Although a spouse may waive his or her rights under a judgment of divorce; "[a] waiver must be an intentional relinquishment of a known legal right" *(Joyce v Joyce,* 110 AD2d 682) and will not be inferred from mere silence or inaction *(see, Agati v Agati,* 92 AD2d 737, *affd* 59 NY2d 830). Nor is there any basis in the record which would justify a determination that the plaintiff was guilty of laches *(see, Thurmond v Thurmond,* 155 AD2d 527), or that she came into court with "unclean hands" *(see, Agati v Agati, supra).* Accordingly, the plaintiff was entitled to an order directing the sale of the marital residence as provided in the judgment of divorce *(see, Heitzman v Heitzman,* 105 AD2d 682; *see also, Riesenberger v Sullivan,* 16 Misc 2d 471, *affd* 3 AD2d 916).

We have considered the defendant's other contention and find it to be without merit. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.