ROSE MYERS, Respondent, v JEFFREY MYERS, Appellant. [661 NYS2d 276] —In a matrimonial action in which the parties were divorced by a judgment dated July 13, 1995, the defendant appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated April 17, 1996, which granted the plaintiff's motion to compel the defendant to continue health insurance for her pursuant to a provision of a stipulation between the parties which was incorporated but not merged into the judgment of divorce.

Ordered that the order is affirmed, without costs or disbursements.

By a judgment dated July 13, 1995, the plaintiff and the defendant were divorced. The terms of a stipulation incorporated but not merged into the judgment provided, *inter alia*, that: "Defendant shall continue health insurance with NYNEX for the benefit of the Plaintiff and his son * * * for the period of time he is able, pursuant to said policy now held with NYNEX." Pursuant to the defendant's employment benefits policy with NYNEX, health coverage for a spouse would terminate upon divorce unless the policy holder elected and paid for continued (COBRA) coverage, which could be done for a period of up to 36 months. The defendant never filed the required paperwork to effect such coverage and the plaintiff's coverage lapsed. Upon discovering this fact, the plaintiff moved to compel the defendant to provide her with insurance coverage. The defendant argued that it was not the intent of the parties that he purchase continuing COBRA coverage for the plaintiff, but rather it was intended only that, contrary to his obligations under the policy, he take no action to inform NYNEX of the divorce and merely allow the policy to remain in effect until NYNEX discovered the divorce. The Supreme Court ordered the defendant to purchase coverage for the plaintiff equivalent to that which would have been afforded under the NYNEX policy had he exercised the COBRA option. We now affirm.

The defendant's proffered interpretation of the provision at issue is neither fair nor reasonable and would render the provision meaningless. Indeed, it amounts to nothing more than a court-sanctioned fraud upon NYNEX. Accordingly, the Supreme Court did not err in ordering the defendant to purchase for the plaintiff a policy of health insurance that will provide the same benefits she would have received had the COBRA option under the NYNEX policy been timely exercised. Bracken, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.