■ BEVERLY A. POTTALA, Respondent, v E. VICTOR POTTALA, Appellant. [690 NYS2d 323] —Spain, J. Appeal from an order of the Supreme Court (Caruso, J.), entered March 9, 1998 in Schenectady County, which, *inter alia,* granted plaintiff maintenance arrears.

The parties were married in 1972, the second marriage for each; there are no children from this union. Plaintiff commenced a matrimonial action in 1981. In April 1984, after a trial, Supreme Court (Doran, J.) awarded maintenance to plaintiff in the amount of $110 per week until she remarries. Specifically, the judgment of divorce states that plaintiff is entitled to a share of defendant's General Electric Company (hereinafter G.E.) pension "upon his retirement or election to receive any pension benefits sooner". The judgment further states the following: "no maintenance shall be paid during the times that the defendant is retired and the plaintiff is collecting monthly pension benefits."

In 1994 at the age of 57, defendant retired from G.E. and began collecting a pension. Thereafter, he stopped paying maintenance to plaintiff and began paying her a portion of his pension in accordance with the formula set forth in the judgment of divorce which amounts to approximately $185 per month.

These payments continued until September 1995 when defendant unilaterally stopped making pension payments to plaintiff.[1]

In April 1997, more than two years after defendant stopped paying maintenance and six months after he stopped plaintiff's pension payments, plaintiff moved to have defendant held in contempt for violating the judgment of divorce by failing to pay her pension benefits as well as maintenance since defendant, at that time, was both employed and receiving his pension. As reflected in its order, Supreme Court (Caruso, J.) held that "the language of the Divorce Decree is clear" and determined that defendant, in addition to his obligation to pay plaintiff a monthly share of his pension, should have been paying plaintiff maintenance as long as he was employed. The court found that since his retirement from G.E. and until October 1, 1997 defendant had been employed, and that maintenance arrears, covering this postretirement period during which he was employed, in the sum of $15,840, were due plaintiff.[2] Defendant appeals.

We agree with Supreme Court that the judgment of divorce is clear. "Ordinarily, the judgment of a court is to be construed in a manner consistent with the words employed therein" (*Matter of Reeves v Samson*, 105 AD2d 1040, 1042). Consequently, we reject defendant's assertion that the language of the judgment is ambiguous and that Supreme Court should have looked to evidence outside the judgment, including the transcript of the trial court's decision, for insights into its meaning. Indeed, "a judgment of the court controls over an opinion and, if they are at variance, the [judgment] prevails" (*Towley v King Arthur Rings*, 40 NY2d 129, 132-133).

However, we do not agree with Supreme Court's interpretation of the judgment of divorce. The 1984 judgment directs that defendant pay plaintiff a stated share of his pension "upon his retirement or election to receive any pension benefits sooner". The judgment further directs that "no maintenance shall be paid during the times that the defendant is retired and the plaintiff is collecting monthly pension benefits". From this plain language employed within the four corners of the judgment, we conclude that defendant's obligation to pay maintenance to plaintiff ended upon his retirement from G.E. and

---

1. There is no provision in the 1984 judgment for a qualified domestic relations order, although it appears that in early 1998 Supreme Court was in the process of completing such an order.

2. There is no specific determination in the order appealed from with respect to plaintiff's application to have defendant found in contempt of court; notably, no record was made of the September 30, 1997 hearing.

no maintenance obligation existed thereafter as long as he continued to be so retired, drawing a pension and paying plaintiff her share of his monthly pension benefits. It is undisputed that defendant retired from G.E. in 1994 and that he continues to be so retired and collects the pension described in the judgment. Giving the terms of the judgment their clear meaning, no maintenance was due plaintiff while defendant is so retired and also paying plaintiff her portion of his pension.

The judgment of divorce is silent as to what effect, if any, post-G.E. retirement employment by defendant would have on his obligation to pay maintenance. The fact that he has been employed since his retirement from G.E. has not impaired his retirement status or his pension. In our view, according to the plain language of the judgment, unless his right to receive a pension as a retiree changes, he has no obligation to pay maintenance unless plaintiff is not collecting her share of his pension benefits.

Thus, for every week that defendant failed to pay plaintiff her share of his monthly pension plaintiff is entitled to weekly maintenance in lieu of her pension payment. Accordingly, this matter shall be remitted to Supreme Court for a calculation of maintenance arrears covering those weeks after defendant's retirement from G.E. in which he failed to pay plaintiff her monthly share of his pension.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as awarded plaintiff maintenance payments during defendant's employment after he retired from General Electric Company; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.