■ 1602 AVENUE Y, INC., et al., Respondents, v LEAH MARKOWITZ et al., Appellants. [711 NYS2d 473] —In an action,

*inter alia*, to enjoin the defendants from terminating certain leases, the defendants appeal from an order of the Supreme Court, Kings County (Barasch, J.), dated April 29, 1999, which granted the plaintiffs' motion to confirm the report of a Judicial Hearing Officer dated June 11, 1998, and denied their cross motion to reject the report.

Ordered that the order is affirmed, with costs.

The defendants, the owners of two gasoline stations, and the plaintiffs entered into a separate lease for each station which provided for "the replacement of all existing underground storage tanks and related equipment in compliance with all applicable laws and [in compliance] with all statutes and regulations". Subsequently, the defendants attempted to terminate the leases on the ground that the plaintiffs failed to "replace" the underground storage tanks as required by the leases, and the plaintiffs commenced this action to enjoin the defendants from terminating the leases. A hearing was held to determine whether the plaintiffs had complied with the leases.

The plaintiffs contend that the parties' intent in entering into the subject leases was that the work involving the storage tanks comply with the regulations established by the Environmental Protection Agency (hereinafter the EPA), and on that basis, they complied with the leases by upgrading the tanks. The defendants contend that the leases clearly and unambiguously required the plaintiffs to replace the tanks, and that the plaintiffs breached the leases by upgrading the tanks rather than replacing them.

The defendants waived their right to terminate the leases based upon the plaintiffs' failure to "replace" the underground tanks and are now estopped from doing so. A waiver requires that the party to be estopped be aware of certain facts and, being aware of them, elect not to take advantage of them (*see, Savasta v 470 Newport Assocs.*, 180 AD2d 624, 626). Estoppel will lie when an individual has accepted the benefits of an agreement (*see, Savasta v 470 Newport Assocs., supra*).

Here, the defendant Markowitz observed the upgrade work as it was being performed and was specifically advised that the tanks were being upgraded and not replaced. Yet the defendants did not take any action to terminate the leases on that basis until almost one year later and only after a dispute over the nonpayment of rent had arisen. In light of the defendants' conduct in failing to seek termination of the leases and accepting the benefits of the improved underground tanks for almost one year after learning that the tanks were being upgraded and not replaced, the defendants waived their right to seek

termination of the leases on that basis. Friedmann, J. P., Krausman, Luciano and Schmidt, JJ., concur.