■ STEPHEN CHAPIN, Respondent, v ANN CHAPIN, Appellant. [744 NYS2d 181] —Motion by the respondent for leave to reargue appeals from an order and a judgment of the Supreme Court, Kings County, entered June 9, 2000, and November 15, 2000, respectively, which were determined by decision and order of this Court dated February 19, 2002, or, in the alternative, for leave to appeal to the Court of Appeals.

Upon the papers filed in support of the motion, and the papers submitted in opposition thereto, it is

Ordered that the branch of the motion which is for leave to reargue is granted; and it is further,

Ordered that the motion is otherwise denied; and it is further,

Ordered that, upon reargument, the decision and order of this Court dated February 19, 2002 (*see Chapin v Chapin,* 291 AD2d 473), is recalled and vacated, and the following decision and order is substituted therefor:

In an action for a divorce and ancillary relief, the defendant appeals from (1) an order of the Supreme Court, Kings County (Deutsch, J.), entered June 9, 2000, which, in effect, denied her application to vacate a decision of the same court dated February 1, 2000, and (2) a judgment of the same court (Yancey, J.), entered November 15, 2000, which, inter alia, granted the plaintiff a conversion divorce based upon a stipulation of settlement between the parties dated August 27, 1997, which was incorporated but not merged in the judgment.

Ordered that the appeal from the order is dismissed, as no appeal lies from an order denying an application to vacate a decision (*see Matter of Colonial Penn Ins. Co. v Culley,* 144 AD2d 363); and it is further,

Ordered that the judgment is reversed, on the law and the facts, and the matter is remitted to the Supreme Court, Kings County, for a new trial on whether the stipulation of settlement should be set aside; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff sought a conversion divorce on the ground that the parties had lived separate and apart pursuant to a separation agreement for one or more years. It is undisputed that the plaintiff failed to comply with the terms of the parties' original separation agreement, resulting in a judgment in favor of the defendant in the principal sum of $296,118.12. The divorce action was predicated upon a stipulation of settlement entered into by the parties on August 27, 1997, which modified the original separation agreement.

In her answer to the complaint, the defendant asserted, as an affirmative defense, that she was fraudulently induced to enter into the stipulation of settlement, based upon the plaintiff's misrepresentation that he had "virtually no assets." A hearing was held on the issue of whether the stipulation of settlement should be set aside based upon the plaintiff's fraud. At the close of the defendant's case, the Supreme Court granted the plaintiff's motion for a directed verdict, finding that, although the plaintiff's representations in the stipulation of settlement as to his assets were false, the defendant had waived any claim based on fraud and ratified the stipulation of settlement. The court then granted the plaintiff a divorce, based upon his substantial compliance with the stipulation of settlement.

We now reverse the judgment which granted the plaintiff a divorce and remit the matter to the Supreme Court for a new hearing on whether the stipulation of settlement should be set aside. A waiver "will not be inferred from mere silence or inaction" (*Andrews v Dolan,* 158 AD2d 569, 570; *Agati v Agati,* 92 AD2d 737, *affd* 59 NY2d 830). "A waiver requires that the party to be estopped be aware of certain facts and, being aware of them, elect not to take advantage of them (*see, Savasta v 470 Newport Assocs.,* 180 AD2d 624, 626, *affd* 82 NY2d 763). Estoppel will lie when an individual has accepted the benefits of an agreement (*see, Savasta v 470 Newport Assocs., supra*)" (*1602 Ave. Y v Markowitz,* 274 AD2d 506).

In 1998 the defendant commenced an action in Canada based on the parties' original separation agreement. In that action the defendant raised the validity of the 1997 stipulation of settlement, based, in part, on the plaintiff's misrepresentation as to his assets, and that action was commenced before the plaintiff performed his obligations under the stipulation of settlement. The defendant's commencement of the Canadian action is inconsistent with the Supreme Court's determination that she waived her claim based on fraud and ratified the stipulation of settlement. Moreover, the defendant was not estopped from seeking to set aside the stipulation of settlement, as the plaintiff was on notice that the defendant sought to invalidate it. Therefore, based on the evidence before it, the court improperly found that the plaintiff justifiably relied upon the promises made by the defendant in the stipulation of settlement in performing his obligations thereunder (*see Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 184). Ritter, J.P., S. Miller, Luciano and Crane, JJ., concur.