■ STEVEN CHAPIN, Appellant, v ANN CHAPIN, Respondent. [786 NYS2d 65]—

In an action for a divorce and ancillary relief, the husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Yancey, J.), dated May 12, 2003, as granted the wife's motion to confirm, and denied his cross motion to reject, the report of a Judicial Hearing Officer (Marks, J.H.O.), dated January 15, 2003, which, after a trial, set aside the parties' 1997 stipulation of settlement, and dismissed the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

This matter was previously before this Court (*see Chapin v Chapin*, 295 AD2d 389 [2002]), and was remitted to the Supreme Court, Kings County, to determine whether the parties' 1997 stipulation of settlement should be set aside. The parties signed a separation agreement in 1986 which, inter alia, required the appellant to make certain payments. The appellant failed to do so and the respondent obtained a judgment against him in the principal sum of $296,118. In 1997 the parties entered into a stipulation of settlement of the judgment and the respondent's claims under the original agreement, based upon the appellant's affirmation that he had "virtually no assets"

and a reported income of approximately $15,000 the previous year. The stipulation of settlement provided that the appellant was to remove certain liens from the former marital residence within 90 days and the respondent agreed to excuse payment of the judgment. Shortly thereafter, the respondent learned that the appellant had purchased hundreds of acres of waterfront property in Nova Scotia, Canada, contemporaneously with his claim of having "virtually no assets."

Contrary to the appellant's contentions, there was sufficient evidence before the Judicial Hearing Officer to support the factual determination that the respondent was fraudulently induced to enter into the stipulation of settlement, and the Supreme Court therefore properly confirmed the report (*see Banker v Banker*, 248 AD2d 144 [1998]). A stipulation of settlement should be closely scrutinized and may be set aside upon a showing that it is unconscionable or the result of fraud (*see Cruciata v Cruciata*, 10 AD3d 349 [2004]). Furthermore, since the respondent did not have express knowledge of the appellant's assets, she cannot be said to have waived her right to seek vacatur of the stipulation (*see Savasta v 470 Newport Assoc.*, 180 AD2d 624, 626 [1992]; *Glenesk v Guidance Realty Corp.*, 36 AD2d 852, 853 [1971]). Moreover, estoppel will lie only where an individual has accepted the benefits of an agreement (*see 1602 Ave. Y v Markowitz*, 274 AD2d 506 [2000]), whereas the respondent took timely steps to vacate the stipulation.

The Supreme Court applied the correct standard in reviewing the factual findings of the Judicial Hearing Officer (*see Freedman v Freedman*, 211 AD2d 580 [1995]; *Tai Wing Hong Importers v King Realty Corp.*, 208 AD2d 710 [1994]).

The appellant's remaining contentions are without merit. Florio, J.P., Smith, Rivera and Fisher, JJ., concur.