■ FRANK CERVERA, Appellant, v ROSSANNA BRESSLER, Respondent. [925 NYS2d 581]—

In a matrimonial action in which the parties were divorced by judgment dated February 21, 2001, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Westchester County (Scarpino, Jr., J.), entered August 27, 2009, which, inter alia, denied, without a hearing,

those branches of his motion which were (a) to vacate that portion of the parties' so-ordered stipulation dated July 19, 2004, whereby the plaintiff waived his right to seek an attorney's fee and reapportionment of fees of the court forensic evaluator and the Attorney for the Child up to the date of the stipulation, and (b) to award him an attorney's fee in the sum of $113,628.77, forensic evaluation fees in the sum of $7,700, and fees for the Attorney for the Child in the sum of $3,300, all for services rendered from April 2002 until the date of the stipulation.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof denying those branches of the plaintiff's motion which were to vacate that portion of the parties' so-ordered stipulation dated July 19, 2004, whereby the plaintiff waived his right to seek an attorney's fee and reapportionment of fees of the court forensic evaluator and the Attorney for the Child up to the date of the stipulation, and to award him an attorney's fee in the sum of $113,628.77, forensic evaluation fees in the sum of $7,700, and fees for the Attorney for the Child in the sum of $3,300, all for services rendered from April 2002 until the date of the stipulation; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

Since the parties' divorce in February 2001, they have been involved in litigation concerning custody of their child, visitation rights of the noncustodial father, and the apportionment of costs and expenses, including forensic evaluation fees, an attorney's fee, and fees for the Attorney for the Child, incurred in the course of the litigation. This appeal concerns only the issue of fees and costs.

Pursuant to this Court's decision and order dated April 15, 2008 (*Cervera v Bressler*, 50 AD3d 837 [2008]), a hearing was commenced on June 10, 2008, before Special Referee Reynold Snyder, to consider the parties' relative financial positions and address the father's applications for reapportionment of the parties' respective obligations for payment of fees of the forensic evaluator and the Attorney for the Child from the 50/50 apportionment originally agreed to, and for an award of an attorney's fee. While that hearing, which concluded sometime in October 2009, was ongoing, the father moved, inter alia, to vacate certain portions of a so-ordered stipulation dated July 19, 2004 (hereinafter the stipulation), whereby the father waived his right to seek an attorney's fee and reapportionment of fees and costs of the court forensic evaluator and the At-

torney for the Child incurred up to the date of the stipulation, in connection with a custody dispute between the parties beginning in 2002. In support of the motion, the father argued that those portions of the stipulation should be vacated based upon new evidence discovered during the ongoing hearing regarding the parties' finances, that the mother had misrepresented her finances in 2004. The father claimed that he had relied upon those misrepresentations in entering into the stipulation in which he agreed to waive his rights.

The Supreme Court, inter alia, denied that branch of the plaintiff's motion which was to vacate the aforementioned portions of the stipulation, determining that the claims regarding the stipulation and fees incurred in connection with the litigation resolved thereby, were barred by the doctrine of collateral estoppel, that the father had failed to meet his burden of showing that the stipulation was the result of fraud or overreaching, or that its terms were unconscionable, and that, in any event, even if the stipulation was proven to have been procured by fraud, the father had ratified it by accepting its benefits for a period of more than five years. We disagree.

"Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *see Sweeney v Sweeney*, 71 AD3d 989, 990 [2010]; *Cohn v Cohn*, 15 AD3d 332 [2005]). "It is the party seeking to set aside the stipulation . . . who has the burden of showing that the agreement was the result of fraud, duress, or overreaching, or that its terms were unconscionable" (*Sweeney v Sweeney*, 71 AD3d at 992; *see Rubin v Rubin*, 33 AD3d 983, 985 [2006]; *Chambers v McIntyre*, 5 AD3d 344, 345 [2004]). However, "[a] stipulation of settlement should be closely scrutinized" (*Chapin v Chapin*, 12 AD3d 550, 551 [2004]; *see Libert v Libert*, 78 AD3d 790, 791 [2010]; *Cruciata v Cruciata*, 10 AD3d 349, 350 [2004]).

Here, the father's allegations that he was induced by the mother's misrepresentations of her financial circumstances to enter into the stipulation pursuant to which he, inter alia, waived any claim of contribution towards his counsel fees and any claim of reallocation or reapportionment of expert or Attorney for the Child fees, and agreed that any fees outstanding would be paid pursuant to the 50/50 apportionment put in place by previous orders of the court, were sufficient to warrant a hearing on the issue of whether those portions of the stipulation were fraudulently induced. The father's allegations were supported by evidence, elicited at the hearing before the Special

Referee regarding the financial circumstances of the parties, that the mother had assets available to her in 2004 of at least $306,631, her husband's gross income as reported on their joint tax returns for 2004, as opposed to the $105,000 gross income reported on her statement of net worth dated May 3, 2004, the sole document provided by her at the time of the stipulation. Moreover, the mother's 2004 joint bank statements provided at the hearing before the Special Referee showed deposits totaling approximately $450,000 for that year, whereas the 2004 statement of net worth was blank for "Total Cash Accounts."

Likewise, the Supreme Court erred in determining that the father was barred by the doctrine of collateral estoppel from litigating the issues of counsel fees and reapportionment of the parties' responsibilities for payment of fees incurred in connection with litigation from 2002 up to the date of the stipulation. "In order to invoke the doctrine of collateral estoppel, (1) the identical issue must have necessarily been decided in the prior [litigation] and be decisive of the present [motion], and (2) the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination" (*Scartozzi v Potruch*, 72 AD3d 787, 789 [2010]; *see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]; *Franklin Dev. Co., Inc. v Atlantic Mut. Ins. Co.*, 60 AD3d 897, 899 [2009]).

The issues regarding the fees incurred prior to the stipulation were never litigated, since the father waived his right to do so by the stipulation at issue herein. Moreover, the Supreme Court erred in concluding that the father had "knowingly and voluntarily" waived his rights to litigate these issues, since the question raised by the new evidence is precisely that, to wit, whether the father's waiver was knowing and voluntary, or whether it was fraudulently induced by the mother's misrepresentations.

As to the father's right to move to vacate portions of the stipulation almost five years after the stipulation was entered into, "[a] waiver will not be inferred from mere silence or inaction. A waiver requires that the party to be estopped be aware of certain facts and, being aware of them, elect not to take advantage of them" (*Chapin v Chapin*, 295 AD2d 389, 391 [2002] [internal quotation marks and citations omitted]). "Moreover, estoppel will lie only where an individual has accepted the benefits of an agreement" (*Chapin v Chapin*, 12 AD3d at 551; *see Chapin v Chapin*, 295 AD2d at 391; *Savasta v 470 Newport Assoc.*, 180 AD2d 624, 627 [1992], *affd* 82 NY2d 763 [1993]).

Here, since the father did not have express knowledge of the mother's assets until sometime during the hearing regarding

the parties' relative financial positions, which commenced on June 10, 2008, and concluded in October 2009, the father cannot be said to have waived his right to seek vacatur of the stipulation simply because his motion was brought almost five years after the stipulation was entered into (see Chapin v Chapin, 12 AD3d at 551). Moreover, contrary to the mother's contention and the Supreme Court's conclusion, there is no evidence that the father enjoyed any "benefits" of the stipulation by foregoing a possible award of an attorney's fee or reimbursement of payment of fees based upon a reapportionment of the parties' responsibilities for the same.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court erred in denying, without a hearing, those branches of the plaintiff's motion which were to vacate that portion of the stipulation whereby the plaintiff waived his right to seek an attorney's fee and reapportionment of fees and costs of the court forensic evaluator and the Attorney for the Child up to the date of the stipulation, and to award him an attorney's fee for that period in the sum of $113,628.77, forensic evaluation fees for that period in the sum of $7,700, and fees for the Attorney for the Child for that period in the sum of $3,300. The matter must be remitted to the Supreme Court, Westchester County, for a hearing to determine whether the father's agreement to the subject portions of the stipulation was fraudulently induced and, if so, whether he is entitled to an award of an attorney's fee and/or reapportionment of the parties' responsibility for the fees incurred in connection with the litigation that was resolved by the stipulation. Covello, J.P., Eng, Leventhal and Cohen, JJ., concur.