Appeal from a judgment of the Supreme Court, Erie County (Janice M. Rosa, J.), entered December 22, 2011 in a divorce action. The judgment, inter alia, equitably distributed the marital property of the parties.
It is hereby ordered that the judgment so appealed from is *1269 modified on the law by vacating the eighth and ninth decretal paragraphs and directing that the parties are jointly responsible for the remaining debt on the Discover Card line of credit and that defendant is not required to compensate plaintiff in the amount of $3,569 and as modified the judgment is affirmed without costs.
Memorandum: Defendant wife appeals from a judgment of divorce that, inter alia, equitably distributed marital assets, allocated marital debt and calculated the child support for the parties’ minor children. Contrary to the wife’s contention, Supreme Court did not abuse or improvidently exercise its discretion in determining that plaintiff husband was entitled to an equitable share of the marital funds used to discharge the mortgage on the wife’s separate residence, which had been used as the marital residence for the entire duration of the marriage. As the court noted in its decision, the parties engaged in “complex financial dealings,” which often consisted of acquiring new lines of credit to pay off existing lines of credit. The testimony at trial established that, although the wife purchased the marital residence prior to the marriage, the parties used marital funds to pay for improvements and to discharge the mortgage on that residence. The husband is thus “entitled to recoup [his] equitable share of the marital funds used to reduce the indebtedness and pay for improvements to the marital abode” (Massimi v Massimi, 35 AD3d 400, 402 [2006], lv denied 9 NY3d 801 [2007]; see Markopoulos v Markopoulos, 274 AD2d 457, 458-459 [2000]; Zelnik v Zelnik, 169 AD2d 317, 330 [1991]).
We agree with the wife, however, that the court abused it discretion in awarding the husband $3,000, which represented one-half of the parties’ 2008 tax refund. The entire tax refund had been used to pay down debt on a Discover Card line of credit. While it is undisputed that, after the divorce action was commenced, the wife took a cash advance from the Discover Card line of credit and deposited the money into her separate checking account, the evidence at trial established that the wife used that money to make payments toward marital debt. We thus conclude that the Discover Card debt was marital debt, and the husband was not entitled to credit for his share of the marital funds that were used to reduce that debt. We further conclude that the court abused its discretion in awarding the husband $569, the amount withdrawn by the wife from the parties’ joint checking account in September 2008 and January 2009. The evidence at trial established that the wife used the money for household bills and also to reduce the Discover Card debt. We therefore modify the judgment accordingly.
*1270 Contrary to the wife’s contention, the court did not err in vacating the child support and maintenance provisions of the parties’ October 2009 stipulation. In that stipulation, the parties had agreed to impute income to the wife in the amount of $15,000, and the husband had agreed to maintenance and child support awards to the wife based on that imputed income. Although “[stipulations of settlement are favored by the courts and not lightly cast aside” (Hallock v State of New York, 64 NY2d 224, 230 [1984]; see Krupski v Krupski, 168 AD2d 942, 943 [1990], lv denied 77 NY2d 804 [1991]; see generally CPLR 2104), “[a] stipulation of settlement should be closely scrutinized and may be set aside upon a showing that it is unconscionable or the result of fraud, or where it is shown to be manifestly unjust because of the other spouse’s overreaching” (Cruciata v Cruciata, 10 AD3d 349, 350 [2004]; see Krupski, 168 AD2d at 943). We agree with the court that “a reasonable inference exists that the [wife did not] fully disclose [ ] h[er] financial assets . . . , and, as a result, the terms of the agreement were so inequitable as to be manifestly unfair to the [husband]” (Cruciata, 10 AD3d at 350; see Chapin v Chapin, 12 AD3d 550, 551 [2004]; cf. Label v Label, 70 AD3d 898, 900 [2010]; see also Cervera v Bressler, 85 AD3d 839, 841-842 [2011]). It is undisputed that the wife had not been employed outside the home since the birth of the parties’ children, but it is likewise undisputed that she had inherited large sums of money during the course of the marriage. Moreover, the wife failed to disclose her significant stock earnings, which, by October 2009, had totaled over $48,000 for that year. By the end of 2009, the wife had an adjusted gross income of $121,901. Thus, the wife had over $100,000 more in income than was imputed to her in the stipulation, and her income was more than two times what the husband had earned in any of the years before the stipulation. We thus conclude that, regardless whether the wife can be said to have committed fraud, the wife’s failure to disclose her earnings in the stock market resulted in an agreement that was manifestly unfair to the husband.
The wife further contends that, after partially vacating the stipulation, the court erred in imputing an annual income of $50,000 to her. We reject that contention. The court did not abuse its discretion in considering the wife’s gross income as “reported in the most recent federal income tax return” (Domestic Relations Law § 240 [1-b] [b] [5] [i]), including investment income (see § 240 [1-b] [b] [5] [ii]), as well as “such other resources as may be available to the [wife]” (§ 240 [1-b] [b] [5] [iv]), including non-income producing assets such as real property she inherited (see § 240 [1-b] [b] [5] [iv] [A]) and money, *1271 goods or services provided by relatives and friends (see § 240 [1-b] [b] [5] [iv] [D]), such as the large monetary gifts provided to her by family members. While the wife contends that her capital gains in 2009 are an anomaly that is not likely to recur, we conclude that the court properly took into consideration the volatility of the stock market when it imputed less than half of the wife’s actual earnings to her as annual income. The decision whether to consider capital gains as income is a discretionary determination (see Orofino v Orofino, 215 AD2d 997, 998-999 [1995], lv denied 86 NY2d 706 [1995]; compare Matter of Gluckman v Qua, 253 AD2d 267, 270 [1999], lv denied 93 NY2d 814 [1999], with McFarland v McFarland, 221 AD2d 983, 983-984 [1995]) and, under the circumstances of this case, we see no basis upon which to disturb the court’s exercise of its discretion.
We have reviewed the wife’s remaining contentions and conclude that they are lacking in merit.
All concur except Sconiers, J., who dissents and votes to modify in accordance with the following memorandum,