Kelly v Kelly (2018 NY Slip Op 06726)





Kelly v Kelly


2018 NY Slip Op 06726


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-01617
 (Index No. 2186/07)

[*1]Michael Kelly, appellant, 
v
Debra Kelly, respondent.


Michael Kelly, Pearl River, NY, appellant pro se.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from an order of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated January 27, 2017. The order, insofar as appealed from, granted that branch of the defendant's motion which was to enforce the provisions of the parties' judgment of divorce pertaining to the disposition of the marital residence.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Contrary to the plaintiff's contention, the defendant's delay in seeking to enforce her rights under the provisions of the parties' judgment of divorce pertaining to the disposition of the marital residence did not constitute a waiver. "Although a spouse may waive his or her rights under a judgment of divorce, [a] waiver must be an intentional relinquishment of a known legal right and will not be inferred from mere silence or inaction" (Andrews v Dolan, 158 AD2d 569, 570 [citation and internal quotation marks omitted]; see Cervera v Bressler, 85 AD3d 839, 842; Chapin v Chapin, 295 AD2d 389, 391).
We reject the plaintiff's contention that language in the judgment of divorce providing that the marital residence "should" be immediately listed for sale indicates that the Supreme Court merely suggested that the residence be sold or, in effect, made such sale optional. The judgment also provides that the property be listed "immediately," that the defendant "is entitled to" 25% of the equity in the house, and that the parties "shall cooperate" in effectuating the sale, which unambiguously express the court's directive that the marital residence be sold and the proceeds distributed to the parties (see Myers v Myers, 242 AD2d 372, 373). Therefore, the only reasonable construction of the judgment of divorce is that the marital residence was to be immediately sold (see Levy-Sitomer v Sitomer, 126 AD3d 511; Matter of Labrovic v Labrovic, 278 AD2d 419; Pottala v Pottala, 261 AD2d 806; Matter of Christodoulou v Christodoulou, 212 AD2d 607).
Accordingly, we agree with the Supreme Court's determination granting that branch of the defendant's motion which was to enforce the provisions of the judgment of divorce pertaining to the disposition of the marital residence.
BALKIN, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court