Felicie v HHRMC (2024 NY Slip Op 51770(U))

[*1]

Felicie v HHRMC

2024 NY Slip Op 51770(U)

Decided on December 16, 2024

Civil Court Of The City Of New York, Bronx County

Shkreli, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 16, 2024
Civil Court of the City of New York, Bronx County

Bobby Jacome Felicie, Plaintiff,

against
HHRMC, Defendant.

Index No. CV-010077-19/BX

Plaintiff Bobby Jacome Felicie (self-represented/pro se)
Defendant HHRMC, by Jason A. Blau, Esq. of Jason Blau & Associates

Edit Shkreli, J.

The following papers numbered 1 to 41 were read on Plaintiff's Notices of Motion Seq. 18, 21, and 22.
No on Calendar of                           PAPERS NUMBERED
Notice of Motion-Order to Show Cause - Exhibits and Affirmation Annexed 1-8; 9-26; 33-39;
Answering Affidavit, Cross-Motion, and Exhibits- (Oral Argument and Exhibit) 27-32; 40-41
Replying Affidavit and Exhibits
Other: Memorandum of Law
Upon the foregoing cited papers, the Decision and Order on Plaintiff's four Notices of Motion dated July 7, 2024 (Motion Seq. # 018), July 12, 2024 (no motion sequence assigned), and August 23, 2024 (Motion Seq. 021), and August 16, 2024 (Motion Seq. # 022) is as follows:
Plaintiff filed the Notice of Motion dated July 5, 2024 (Motion Seq. # 018) seeking (1) to set aside the payment pursuant to the parties' Stipulation of Settlement dated May 15, 2024 and so-ordered by the Hon. Cynthia Isales ("So-Ordered Stipulation"); (2) to enforce the So-Ordered Stipulation; (3) civil penalties and compensation based upon Defendant's alleged breach and violation of the So-Ordered Stipulation; and (4) an order permitting him to examine the subpoenaed records. On July 25, 2024, Plaintiff filed another Notice of Motion dated July 12, 2024 through the Court's filing system EDDS wherein he seeks to hold Defendant in contempt [*2]based upon Defendant's alleged violations and breach of the So-Ordered Stipulation. On August 25, 2024, Plaintiff filed the Notice of Motion dated August 23, 2024 (Motion Seq. # 021) seeking (1) leave to amend his complaint; (2) an extension of time to reply; (3) an order permitting Plaintiff to examine the subpoenaed records; (4) an order directing the clerk to produce the records to Plaintiff; (5) "Reviewing and hear testimony in return date case file of authority"; (6) "continuance for return date of sept 3, 2024 for enforcement and compensation for damages". Plaintiff filed Notice of Motion dated August 16, 2024 (Motion Seq. # 022) seeking an extension of his time to reply to Motion Seq. # 018. Plaintiff opposed Defendant's application. The Court determines Defendant's application as follows. Defendant opposed Plaintiff's applications. The Court determines Plaintiff's applications as follows. 
Procedural History
The parties entered into the So-Ordered Stipulation on May 15, 2024 resolving the action in its entirety. Prior to the parties entering into the So-Ordered Stipulation, the parties filed a total of 15 applications with the Court, 12 of which were filed by the Plaintiff and three (3) by the Defendant. Within eight (8) days of entering into the So-Ordered Stipulation, Plaintiff filed an Order to Show Cause seeking to restore the matter to the calendar (Motion Seq. # 016). The Hon. Betty Lugo declined to sign Plaintiff's Order to Show Cause (Motion Seq. # 016) noting that the "case [was] scheduled for payment on 6/14/2024. Resubmit after if payment not received." The following day, on May 24, 2024, Plaintiff filed another Order to Show Cause (Motion Seq. # 017) seeking to restore the matter to the calendar. The Hon. Carol Malcolm issued a Decision and Order dated May 29, 2024 noting, "Plaintiff has brought his second Order to Show Cause dated May 24, 2024, seeking to restore the matter to the calendar and for entry of judgment against defendant for default of the parties' stipulation, based upon the alleged failure to provide plaintiff with proof or evidence of the destruction of the medical information. The Court deems plaintiff's application pre-mature and declines to sign the Order to Show Cause, as the stipulation contains no clearly stated deadline for sending the confirmation email." 
On July 12, 2024, Plaintiff filed his Notice of Motion (Motion Seq. # 018). On July 25, 2024, Plaintiff filed another Notice of Motion dated July 12, 2024 through the Court's filing system EDDS wherein he seeks to hold Defendant in contempt based upon Defendant's alleged violations and breach of the So-Ordered Stipulation. The two foregoing motions were returnable July 31, 2024. The Hon. Andrea Krugman issued a Motion Briefing Schedule Order dated July 31, 2024 indicating that Motion Seq. # 018 and Defendant's opposition to aforementioned motion were already filed and served, and extended Plaintiff's time to August 16, 2024 to file with the Court and serve upon Defendant his reply papers. Plaintiff did not file reply papers to his Notice of Motion (Motion Seq. # 018) by August 16, 2024 as directed by the Hon. Andrea Krugman. 
Instead, on August 8, 2024, Plaintiff filed an Order to Show Cause seeking "an extension of time to amend subpoena request as so-ordered and examine with enforcement and award judgment" (Motion Seq. # 019). The Hon. Lauren Esposito declined to sign Plaintiff's Order to Show Cause (Motion Seq. # 019) noting "The Court file contains a so ordered stipulation signed by the parties in this action that resolved this action. As the plaintiff signed the stipulation he is not entitled to amend his pleading, add parties or request a trial." On August 16, 2024, Plaintiff filed his Notice of Motion dated August 16, 2024 (Motion Seq. # 020) to extend his time to file reply papers. On August 25, 2024, Plaintiff filed through EDDS his Notice of Motion dated August 23, 2024 (Motion Seq. # 021) which he made returnable on August 27, 2024. On the [*3]return date of Plaintiff's Notices of Motions # 018 and # 021, the Hon. Taisha Chambers issued a Motion Briefing Schedule Order which, among other things, extended Plaintiff's time to submit reply papers to Motion Seq. # 018 to September 27, 2024; and directed Defendant to file and serve opposition papers to Plaintiff's Notice of Motion (Motion Seq. # 021) on or before September 27, 2024, and Plaintiff to file and serve reply papers on or before October 4, 2024. The Hon. Taisha Chambers issued an Amended Motion Briefing Schedule Order dated August 30, 2024 based upon Plaintiff's representation that he did not receive Judge Chambers' August 27, 2024 Motion Briefing Schedule Order. By Decision/Order dated September 3, 2024, the Hon. Carol Malcolm denied Plaintiff's Motion Seq. 020 filed on August 16, 2024 as moot on the basis that the Hon. Taisha Chambers had extended Plaintiff's time to file reply papers pursuant to the Amended Motion Briefing Schedule Order dated August 30, 2024. Judge Malcolm indicated that Motion Seq. # 018 is marked "FINAL".
Plaintiff filed an Order to Show Cause on September 10, 2024 seeking, among other things, to restore the matter to the calendar, to vacate the judgment, accepting the proposed answer as filed (Motion Seq. 023). The Hon. Cynthia Isales declined to sign Plaintiff's Order to Show Cause (Motion Seq. # 023). Plaintiff filed another Order to Show Cause seeking the same relief (Motion Seq. # 024) on September 11, 2024, which the Hon. Cynthia Isales declined to sign as well. Plaintiff filed yet another Order to Show Cause (Motion Seq. # 025) seeking the same relief as the two previously filed Orders to Show Cause (Motions Seq. 023 and 024), which was also declined to sign by the court. 
 Plaintiff's Motion Seq. # 022 Application to Extend Plaintiff's Time to File Reply to Motion Seq. # 018
Plaintiff's Notice of Motion (Motion Seq. # 022) seeking to extend his time to file reply papers to his Motion Seq. # 018 is denied based upon Judge Malcolm's Decision/Order dated September 3, 2024 on Plaintiff's Notice of Motion Seq. #020. Judge Malcolm denied as moot Plaintiff's Notice of Motion (Motion Seq. # 020) seeking an extension of time to file reply papers based upon Judge Chambers' Amended Motion Briefing Schedule Order dated August 30, 2024 which extended Plaintiff's time to file reply papers to his Notice of Motion (Motion Seq. # 018) to September 27, 2024. The Court notes that, prior to Judge Chambers' Amended Motion Briefing Schedule Order dated August 30, 2024, Judge Krugman extended Plaintiff's time to file reply papers to his Notice of Motion Seq. # 018 to August 16, 2024 as evidenced by Judge Krugman's Motion Briefing Schedule Order dated July 31, 2024. In her Decision/Order dated September 3, 2024, Judge Malcolm emphasized that Motion Seq. # 018 is marked "FINAL" for submission on October 8, 2024 in accordance with Judge Chambers' Amended Motion Briefing Schedule Order. As such, based upon the foregoing, Plaintiff's Motion Seq. # 022 seeking an extension of time to file and serve reply papers to his Motion Seq. # 018 is denied. 
The Court notes that Plaintiff did not file reply papers to Motion Seq. # 018 despite being granted two extensions to file same. The Court considers the papers which have been filed with the Court in rendering its determination. 

 Plaintiff's Notice of Motion (Motion Seq. # 018)
Plaintiff seeks to restore the instant matter to the Court's calendar, and upon having the mater restored, Plaintiff seeks a default judgment against the Defendant. Plaintiff also seeks to hold Defendant in contempt based upon Defendant's failure to comply with the parties' So-Ordered Stipulation. Plaintiff insists that Defendant has shown a clear disregard for the parties' So-Ordered Stipulation based upon Defendant's "failure to provide any proof or evidence [*4]regarding the destruction, deletion, or removal of [his] private medical information from their digital files." Plaintiff asserts that Defendant has "willfully ignored and failed to comply with the terms". Plaintiff contends that Defendant's noncompliance "has caused significant harm and prejudice to [him], including emotional distress, reputational damage, potential identity theft, loss of financial income, and disruptions in handling important maters such as the funeral arrangements for a family member." 
Defendant argues that Plaintiff's application must be denied based upon Plaintiff's failure to submit an affidavit or affirmation in support of his Notice of Motion Seq. # 018. Defendant also argues that Plaintiff's application must be denied because contrary to Plaintiff's contentions, Defendant has fully complied with the parties' So-Ordered Stipulation. Defendant states that "[a]fter long and protracted litigation, this matter was finally disposed when it settled prior to the commencement of trial on May 15, 2024. The settlement provided for a waiver of all claims for payment to Plaintiff in the amount of $4,125.00." Defendant acknowledges that as part of the So-Ordered Stipulation, it agreed to destroy Plaintiff's medical records which were produced during discovery. Defendant's attorney, Jason Blau, Esq., asserts that on May 16, 2024, he "personally deleted the Plaintiff's medical records provided in discovery from [his] secure server" and that he deleted said files "permanently". Mr. Blau indicates that he emailed Plaintiff on May 16, 202 confirming that he deleted the latter's medical records from his secure server. In support, Defendant annexes a 2-page printout of an email exchange between Mr. Blau and Plaintiff on May 16, 2024 and May 17, 2024 (Exhibit C). Defendant notes that Plaintiff is dissatisfied with Mr. Blau's May 16, 2024 email confirmation, and seeks to set aside the settlement based upon such dissatisfaction. Mr. Blau asserts that the server did not provide him with a record confirming the deletion of the files, and that his server is not capable of providing a record of the deletion. 
Application to Vacate and Set Aside the Parties' So-Ordered Stipulation
It is well-settled that "[s]tipulations of settlement are favored by the courts and not lightly cast aside. . . . This is all the more so in the case of 'open court' stipulations (Matter of Dolgin Eldert Corp., 31 NY2d 1, 10, 334 N.Y.S.2d 833, 286 N.E.2d 228) within CPLR 2104, where strict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process" (Hallock v State, 64 NY2d 224 [1984]). A stipulation made in open court is presumed valid and controlling unless and until the party challenging it meets hir or her very high burden to set it aside (Anonymous v Anonymous, 123 AD3d 581 [1st Dept 2014]). A so-ordered stipulation is a contract between the parties to be construed in accordance with contract principles (see Schwartz v Schwartz, 79 AD3d 1006 [2d Dept 2010], and may be set aside only "where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident" (Hallock, 64 NY2d 224). 
In the instant matter, the Court finds that Plaintiff neither alleges nor makes a showing of fraud, collusion, mistake or accident warranting vacatur of the parties' So-Ordered Stipulation. As such, Plaintiff's contentions that Defendant has breached the parties' So-Ordered Stipulation do not constitute grounds to set aside the parties' So-Ordered Stipulation. Moreover, the Court finds that Plaintiff is estopped from seeking to vacate the parties' So-Ordered Stipulation based upon his acceptance of the benefits of the So-Ordered Stipulation (see 1602 Avenue Y, Inc. v Markowitz, 274 AD2d 506 [2d Dept 2000]). It is undisputed based upon the record presented that Plaintiff accepted and deposited the settlement check #1464 in the amount of $4,125 on July 20, 2024. Based upon the foregoing, Plaintiff's application seeking to vacate and set aside the [*5]parties' So-Ordered Stipulation is denied in its entirety. 
Contempt
A motion to punish a party for civil contempt is addressed to the sound discretion of the court, and "the movant bears the burden of proving the contempt by clear and convincing evidence" (see El-Dehdan v El-Dehdan, 114 AD3d 4 [2d Dept 2013]). Judiciary Law § 753(a) provides that "[a] court of record has power to punish, by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced." It is well-settled that to prevail on a motion for civil contempt, the movant must demonstrate by clear and convincing evidence that the party to be held in contempt (1) disobeyed a clear and unequivocal court order, (2) of which the party had knowledge, although it is not necessary that the order actually have been served upon the party, and (3) the movant was prejudiced thereby (see El-Dehdan v El-Dehdan, 26 NY3d 19 [2015] citing McCormick v Axelrod, 59 NY2d 574 [1983]). Civil contempt requires, inter alia, a determination that a lawful order of the court, clearly expressing an unequivocal mandate was in effect (El-Dehdan, 114 AD3d 4). However, an order is not clear and unequivocal for purposes of contempt if it fails "to specify precisely what action or actions were being enjoined" (Gerelli Ins. Agency, Inc. v Gerelli, 23 AD3d 341 [2d Dept 2005]).
Initially, the Court notes that the Plaintiff fails to apprise the Defendant that his Notice of Motion seeks to hold Defendant in contempt. Plaintiff's moving papers (Motion Seq. # 018) fail to provide on its face the notice and warning language required by Judiciary Law § 756 that the seeks to punish the accused for a contempt of court, and that such punishment may consist of fine or imprisonment, or both. Furthermore, Plaintiff's Notice of Motion also fails to apprise the Defendant as to whether he seeks to hold Defendant in civil contempt in accordance with Judiciary Law § 753(a) or in criminal contempt in accordance with Judiciary Law § 750(a)(3), or both. It is well-settled that "[d]ue process of law . . . in the prosecution of contempt, except of that committed in open court, requires that the accused should be advised of the charges and have a reasonable opportunity to meet them by way of defense or explanation" (see Cooke v U.S., 267 US 517 [1925]). Lastly, Plaintiff's Notice of Motion is also defective insofar as there is nothing in the Court file to evidence that Plaintiff personally served the Notice of Motion seeking to hold Defendant in contempt. It is well-settled that where contempt is sought, "failure to personally serve the alleged contemnor constitutes a jurisdictional defect requiring dismissal" (see Lu v Betancourt, 116 AD2d 492 [1st Dept 1986]). 
Nevertheless, even if Plaintiff's Notice of Motion (Motion Seq. # 018) were not defective as indicated hereinabove, the Court finds that the Plaintiff failed to make a prima facie showing that the Defendant was in violation of any lawful mandate that was in effect at the time that Defendant allegedly violated the parties' So-Ordered Stipulation. The parties' So-Ordered Stipulation provides in pertinent part, "Defendant + counsel for defendant will destroy medical records of Plaintiff that were produced in discovery by end of business day 5/16/24 & send confirmation email." It is undisputed based upon the record presented that Defendant's attorney, Jason Blau, Esq., sent an email to Plaintiff on May 16, 2024 at 8:25 a.m. expressly stating as follows: "Please accept this email as confirmation that all medical records by you in discovery have been deleted from our servers in accordance with the terms of the May 15, 2024 stipulation of settlement in this matter." The Court finds the parties' So-Ordered Stipulation to be clear and unambiguous on its face. The So-Ordered Stipulation does not require anything more than an [*6]email confirmation from the Defendant that Plaintiff's medical records produced during discovery have been deleted as of May 16, 2024. Defendant provided Plaintiff with the email confirmation in compliance with the parties' So-Ordered Stipulation. This Court cannot read require additional requirements into the parties' So-Ordered Stipulation other than the terms which the parties stipulated to and entered into.As such, Plaintiff's application seeking to hold Defendant in contempt based upon Defendant's alleged breach of the parties' So-Ordered Stipulation is hereby denied in its entirety. 
Enforcement
Based upon the Court's findings hereinabove, Plaintiff's application seek to enforce the parties' So-Ordered Stipulation is denied. As noted hereinabove, Defendant has complied with the parties' So-Ordered Stipulation. 

Plaintiff's Remaining Contentions and Motion Seq. # 021
Based upon the Court's findings hereinabove, Plaintiff's remaining contentions in Motion Seq. # 018 and all relief sought in Motion Seq. 021 are hereby denied. 

Sanctions Against Plaintiff
The Procedural History detailed in this Decision and Order evidences Plaintiff's attempts to circumvent Court orders. For instance, Plaintiff filed the Notice of Motion (Motion Seq. # 018) after two judges declined to sign his Orders to Show Cause (Motion Seq. # 016 and # 017). Although Plaintiff's Notice of Motion (Motion Seq. # 018) seeking, among other things, to restore the matter to the court calendar was due to be heard on October 8, 2024, Plaintiff filed three (3) subsequent Orders to Show Cause on September 10, 2024 (Motion Seq. 023, 024, and 025) seeking the same relief. As previously noted, Judge Isales declined to sign Plaintiff's Order to Show Cause (Motion Seq. # 023) which prompted Plaintiff to file another Order to Show Cause seeking the same relief (Motion Seq. # 024) on September 11, 2024, which the Hon. Cynthia Isales declined to sign as well. Plaintiff filed yet another Order to Show Cause (Motion Seq. # 025) seeking the same relief as the two previously filed Orders to Show Cause (Motions Seq. 023 and 024), which was also declined to sign by the court. Based upon the foregoing, the Court may consider appropriate sanctions against the Plaintiff should he continue to file applications seeking relief which this Court has previously determined. 
In light of the findings herein, it is hereby
ORDERED AND ADJUDGED that Plaintiff's Notice of Motion (Motion Seq. # 018) is hereby denied in its entirety in accordance with the Court's findings hereinabove; and it is further
ORDERED AND ADJUDGED that Plaintiff's Notice of Motion (Motion Seq. # 021) is hereby denied in its entirety in accordance with the Court's findings hereinabove; and it is further
ORDERED AND ADJUDGED that Plaintiff's Notice of Motion (Motion Seq. # 022) is hereby denied in its entirety in accordance with the Court's findings hereinabove; and it is further
ORDERED AND ADJUDGED that the Court may consider sanctions against the Plaintiff should he continue to file applications seeking relief which the Court has previously determined.
The foregoing shall constitute the decision and order of this Court.
Dated: December 16, 2024
Hon. Edit Shkreli, J.C.C.