■ MYRON ZUCKERMAN, Appellant, v SYDELL GOLDSTEIN et al., Respondents. [897 NYS2d 420]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered December 7, 2009, which, upon reargument, adhered to a prior order, entered October 2, 2009, which granted plaintiff's motion for indemnification of legal expenses from defendant corporation to the extent of directing a hearing on the issue of whether plaintiff acted in good faith and in the best interest of the corporation, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered October 2, 2009, unanimously dismissed, without costs, as superseded by the appeal from the order on reargument.

Following the dismissal of defendants' counterclaims as barred by a release executed among the parties in 2002, plaintiff moved for indemnification of his legal expenses by the corporate defendant. Supreme Court concluded that plaintiff's entitlement to indemnification would be predicated on a finding, after a hearing, that he had acted in good faith and in the best

interests of the corporation (*see* Business Corporation Law § 721 *et seq.*).

Plaintiff alleges error, asserting that he is entitled to indemnification by virtue of his being successful on the merits. This argument fails. As the Court of Appeals has noted, a prerequisite to an officer's or director's right to indemnification is a showing of good faith in dealing with the corporation. A judgment on the merits is not necessarily dispositive of whether the director or officer acted in good faith (*Biondi v Beekman Hill House Apt. Corp.*, 94 NY2d 659, 664 [2000]). Accordingly, a hearing is warranted.

We have considered the remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Sweeny, Nardelli and Renwick, JJ. **[Prior Case History: 2009 NY Slip Op 32239(U).]**