■ Antonio Tulino, Individually and as a Shareholder of Tulino Realty, Inc., Suing in the Right of and on Behalf of Tulino Realty, Inc., Respondent, v Nicoletta Tulino, as Executor of Michele Tulino, Deceased, et al., Appellants. [48 NYS3d 258]—

Appeal by the defendants from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered September 21, 2012. The order denied the motion of Michele Tulino to be indemnified for attorney's fees incurred in connection with this action.

Ordered that the appeal by the defendant Tulino Realty, Inc., is dismissed, as that party is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,

Ordered that the order is affirmed on the appeal by the defendant Nicoletta Tulino, as executor of the estate of Michele Tulino; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff, Antonio Tulino, and Michele Tulino (hereinafter the decedent) were brothers, each owning 50% of the stock of Tulino Realty, Inc. (hereinafter the Corporation), whose sole asset is a commercial building. In 2008, the plaintiff entered into an agreement to sell his interest in the Corporation to Vincenzo Acquista, the commercial building's tenant. The agreement was contingent upon the plaintiff's delivery of a corporate resolution signed by all shareholders of the Corporation consenting to the sale. After the decedent refused to give his consent, the plaintiff, individually and on behalf of the Corporation, commenced this action seeking, inter alia, to compel the decedent, as president of the Corporation, to issue a stock certificate to him reflecting his 50% interest in the Corporation, and asserting a cause of action alleging breach of fiduciary duty. The decedent, individually and on behalf of the Corporation, asserted counterclaims against the plaintiff alleging, among other things, breach of fiduciary duty, unjust enrichment, and conversion.

In February 2012, the plaintiff stipulated to voluntarily discontinue his causes of action, without prejudice. The action, however, continued as to the defendants' counterclaims. Thereafter, the decedent moved, pursuant to Business Corporation Law § 724, to be indemnified for the attorney's fees he incurred in connection with this action. By order entered September 21, 2012, the Supreme Court denied his motion. After filing a notice of appeal from that order, the decedent died, and this Court granted the application of Nicoletta Tulino, as executor of the decedent's estate (hereinafter the executor), to be substituted for the decedent as a defendant, and to amend the caption accordingly.

Article 7 of the Business Corporation Law sets forth the statutory framework for a corporation to provide indemnification for, or advancement of, expenses incurred in litigation to officers and directors (see Business Corporation Law § 721 et seq.). Where a corporation does not provide for indemnification, indemnification may be obtained by court order (see Business Corporation Law § 724 [a], [c]). Pursuant to Business Corporation Law § 724 (a), a court may award indemnification to the extent authorized by Business Corporation Law §§ 722 and 723 (a). Business Corporation Law § 722 allows indemnification of a director or officer in certain actions where the director or officer "acted, in good faith, for a purpose which he [or she] reasonably believed to be in . . . the best interests of the corporation" (Business Corporation Law § 722 [a], [c]; see Biondi v Beekman Hill House Apt. Corp., 94 NY2d 659, 666 [2000]; Zuckerman v Goldstein, 71 AD3d 576, 577 [2010]). However, Business Corporation Law § 722 (c) states that "no indemnification under this paragraph shall be made in respect of . . . a pending action which is settled or otherwise disposed of." Business Corporation Law § 723 (a) mandates indemnification to "[a] person who has been successful, on the merits or otherwise, in the defense of a civil . . . action . . . described in section 722."

Contrary to the executor's contentions, the Supreme Court properly applied Business Corporation Law § 724 (a). In this regard, the court determined that the stipulation pursuant to which the plaintiff's causes of action were discontinued, without prejudice, did not demonstrate that the decedent was successful on the merits (see Business Corporation Law § 723 [a]). Additionally, Business Corporation Law § 722 (c) precludes indemnification in instances where, as here, the matter was "settled or otherwise disposed of." As a result, the decedent did not demonstrate his entitlement to indemnification, and the court properly denied his motion (see Business Corporation Law §§ 722 [c]; 723 [a]; Mercado v COES FX, Inc., 12 Misc 3d 766, 767-768 [Sup Ct, Nassau County 2006]).

The executor's contention that indemnification should have been awarded based upon Business Corporation Law § 724 (c) is improperly raised for the first time on appeal and has not been considered by this Court (see Point Holding, LLC v Crittenden, 119 AD3d 918, 920 [2014]; Sheng Sheng Constr., Inc. v Har's Constr., Inc., 116 AD3d 1030, 1031 [2014]). Rivera, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.

Motion by the plaintiff, inter alia, to dismiss an appeal from an order of the Supreme Court, Nassau County, entered September 21, 2012, on the ground that it has been rendered

academic. By decision and order on motion of this Court dated March 19, 2014, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to dismiss the appeal on the ground that it has been rendered academic is denied. Rivera, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.