■ LANDMARK VENTURES, INC., Appellant, v H5 TECHNOLOGIES, INC., Respondent. [58 NYS3d 591]—

Appeal from a judgment of the Supreme Court, Nassau County (Steven M. Jaeger, J.), entered March 5, 2015. The judgment, insofar as appealed from, upon a decision of that court entered May 22, 2014, after a nonjury trial, dismissed the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In February 2006, Landmark Ventures, Inc. (hereinafter Landmark), entered into a consulting agreement with H5 Technologies, Inc. (hereinafter H5). Pursuant to the agreement, Landmark agreed to provide marketing services and to arrange introductions of H5 to prospective clients interested in retaining H5's services. In exchange, H5 agreed to pay, inter alia, sales fees to Landmark in amounts calculated pursuant to Section 12 (a) of the agreement. In 2009, Landmark commenced this action against H5 alleging, in effect, that H5 breached the consulting agreement and that it was entitled to additional sales fees. Following a nonjury trial, the Supreme Court determined, inter alia, that Landmark was not entitled to any additional sales fees under the consulting agreement and entered judgment, among other things, dismissing the complaint.

In reviewing a determination made after a nonjury trial, this Court's power to review the evidence is as broad as that of the trial court and this Court may render a judgment it finds warranted by the facts, bearing in mind that due regard must be given to the trial court, which was in a position to assess the evidence and the credibility of the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Neiss v Fried*, 127 AD3d 1044, 1046 [2015]; *DeAngelis v DeAngelis*, 104 AD3d 901, 902 [2013]).

A court's fundamental objective in interpreting a contract is to determine the parties' intent from the language employed and to fulfill their reasonable expectations (*see St. John's Univ., N.Y. v Butler Rogers Baskett Architects, P.C.*, 92 AD3d 761, 764 [2012]; *131 Heartland Blvd. Corp. v C.J. Jon Corp.*, 82 AD3d 1188, 1189 [2011]). In so doing, "[i]t is the role of the courts to enforce the agreement made by the parties—not to add, excise or distort the meaning of the terms they chose to include, thereby creating a new contract under the guise of construction" (*NML Capital v Republic of Argentina*, 17 NY3d 250, 259-260 [2011]; *see Riverside S. Planning Corp. v CRP/Extell Riverside, L.P.*, 13 NY3d 398, 404 [2009]). Although words are generally afforded their ordinary meaning, "technical words are to be given their generally accepted technical meaning" (*HNC Realty Co. v Bay View Towers Apts.*, 64 AD2d 417, 425 [1978]), and "interpreted as usually understood by the persons in the profession or business to which they relate" (22 NY Jur 2d, Contracts § 239; *see Madison Ave. Leasehold, LLC v Madison Bentley Assoc. LLC*, 30 AD3d 1, 8 [2006], *affd* 8 NY3d 59

[2006]; *Estate of Hatch v NYCO Mins.*, 245 AD2d 746, 747 [1997]).

Contrary to Landmark's contentions, the Supreme Court properly construed Section 12 (a) of the consulting agreement, which provided that Landmark's sales fees would be five percent of the "revenues . . . realized by [H5] under generally accepted accounting principles." In this regard, the record supports the court's determination that the terms "generally accepted accounting principles" and "revenues realized" have accepted technical meanings in the accounting profession. The court's interpretation of this provision was in accordance with the accepted technical meanings in the accounting profession and consistent with the fundamental tenets of contract interpretation that a court should seek an interpretation which does not render any term or phrase of a contract meaningless or superfluous (*see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 6 NY3d 371, 374 [2006]; *Lawyers' Fund for Client Protection of State of N.Y. v Bank Leumi Trust Co. of N.Y.*, 94 NY2d 398, 404 [2000]). Further, the court's determination that Landmark was not entitled to additional sales fees pursuant to Section 12 (a) of the consulting agreement was warranted by the facts.

Landmark's contention that the Supreme Court should have drawn an adverse inference against H5 is improperly raised for the first time on appeal and has not been considered by this Court (*see Tulino v Tulino*, 148 AD3d 755, 757 [2017]; *Point Holding, LLC v Crittenden*, 119 AD3d 918, 920 [2014]).

Landmark's remaining contentions are without merit.

Accordingly, the Supreme Court properly entered judgment dismissing the complaint. Mastro, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.