Stein v Davidow, Davidow, Siegel & Stern, LLP (2018 NY Slip Op 00186)





Stein v Davidow, Davidow, Siegel & Stern, LLP


2018 NY Slip Op 00186


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2015-01645
 (Index No. 40420/09)

[*1]Douglas Stein, etc., et al, appellants,
v
Davidow, Davidow, Siegel & Stern, LLP, et al., respondents.


Andrew Lavoott Bluestone, New York, NY, for appellants.
Garcia & Stallone, Deer Park, NY (Karl Zamurs of counsel), for respondents.



DECISION & ORDER
Appeal from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated December 23, 2014. The order denied the plaintiffs' motion to vacate their default in appearing at a conference on March 25, 2014.
ORDERED that the order is affirmed, with costs.
In October 2009, the plaintiff Douglas Stein, individually and as executor of his mother's estate, and the plaintiff Wander Nelson Realty, LLC, an entity formed by Stein's mother for estate planning purposes, commenced this action alleging, inter alia, that the defendants provided negligent legal advice to Stein's mother with regard to her estate planning. In an amended order dated February 7, 2014, the Supreme Court granted the motion of the plaintiffs' counsel for leave to withdraw as counsel. The action was stayed until February 27, 2014, to afford the plaintiffs an opportunity to retain new counsel. The plaintiffs did not retain new counsel during the stay period. Thereafter, the plaintiffs failed to appear for a conference scheduled on March 25, 2014, and in an order dated March 25, 2014, the court dismissed the action pursuant to 22 NYCRR 202.27(b). In November 2014 the plaintiffs moved pursuant to CPLR 5015(a)(1) to vacate their default. In an order dated December 23, 2014, the Supreme Court denied the motion, concluding that the plaintiffs failed to establish a reasonable excuse for their failure to appear at the March 25, 2014, conference and, therefore, it was unnecessary to determine the existence of a potentially meritorious cause of action.
In order to vacate a default in appearing at a scheduled court conference, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (see CPLR 5015[a][1]; Wright v City of Poughkeepsie, 136 AD3d 809, 809; Mazzio v Jennings, 128 AD3d 1032, 1032; Hanscom v Goldman, 109 AD3d 964, 965). A determination of whether an excuse is reasonable lies within the sound discretion of the Supreme Court (see GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138; Herrera v MTA Bus Co., 100 AD3d 962, 963).
Here, the Supreme Court providently exercised its discretion in determining that the [*2]plaintiffs did not offer a reasonable excuse for their default. Neither the fact that Stein was proceeding pro se nor his claims that he was unaware of the consequences of failing to appear constitute a reasonable excuse (see U.S. Bank N.A. v Slavinski, 78 AD3d 1167, 1167; Dorrer v Berry, 37 AD3d 519, 520). The plaintiffs' remaining arguments to support their contention that their default should be excused are improperly raised for the first time on appeal, and have not been considered by this Court (see Tulino v Tulino, 148 AD3d 755, 757; Point Holding, LLC v Crittenden, 119 AD3d 918, 920).
As the plaintiffs failed to offer a reasonable excuse for their default, the issue of whether the plaintiffs had a potentially meritorious cause of action need not be addressed (see U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852; Vested Bus. Brokers, Ltd. v Ragone, 131 AD3d 1232, 1234; Abdelqader v Abdelqader, 120 AD3d 1275, 1276). Accordingly, the Supreme Court properly denied the plaintiffs' motion pursuant to CPLR 5015(a)(1) to vacate their default.
DILLON, J.P., LEVENTHAL, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court