GPB Capital Holdings, LLC v Dibre (2020 NY Slip Op 04462)





GPB Capital Holdings, LLC v Dibre


2020 NY Slip Op 04462


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-00111
 (Index No. 606417/17)

[*1]GPB Capital Holdings, LLC, et al., appellants,
v
Patrick Dibre, respondent.


Arnold & Porter Kaye Scholer LLP, New York, NY (James D. Herschlein and Robert T. Franciscovich of counsel), for appellants.
Cyruli Shanks Hart & Zizmor LLP, New York, NY (Jeffrey C. Ruderman and Steven J. Harfenist of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duties, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered November 13, 2018. The order granted the defendant's motion for summary judgment dismissing the causes of action in the amended complaint that do not arise out of a certain November 14, 2016, Master Agreement.
ORDERED that the order is affirmed, with costs.
This action stems from certain written agreements entered into between the plaintiffs and the defendant whereby, in addition to agreeing to various other obligations, the defendant agreed to sell various automotive dealerships to the plaintiffs. After there were certain issues with closing the sale of the dealerships, and discord arose between the parties, the parties entered into a new written agreement on November 14, 2016, referred to as the "Master Agreement," through which the parties sought to disengage from all of their prior dealings, disputes, and claims and move forward under a new structure and terms governing the sale of the dealerships to the plaintiffs. Paragraph 1 of the Master Agreement terminated the parties' prior written agreements, referred to as the "December 2015 Agreement" and the "2015 Purchase Agreement." In paragraph 10 of the Master Agreement, entitled "Mutual Releases," the parties agreed to "forever and irrevocably release, discharge and acquit each other from any obligations to each other, including but not limited to, under the 2015 Purchase Agreements, the December 9, 2015 Agreement, and any other agreements by and between the Parties, except as may be specifically referenced herein." In paragraph 4 of the Master Agreement, the parties agreed to preserve the defendant's payment obligations from one of the now-terminated prior written agreements. Thereafter, the plaintiffs commenced this action to recover damages for, among other things, breach of contract, asserting various claims relating to the transactions preceding the Master Agreement, as well as claims for breach of the Master Agreement. The defendant moved for summary judgment dismissing the causes of action in the amended complaint that do not arise out of the Master Agreement, contending that they are barred by the Master Agreement's mutual release provisions. The Supreme Court granted the defendant's motion, and the plaintiffs appeal.
"[A] valid release constitutes a complete bar to an action on a claim which is the subject of the release" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [internal quotation marks omitted]), including any cause of action arising prior to the date of its execution and delivery, in the absence of fraud or other vitiating circumstances in its inducement or execution (see Matter of O'Hara, 85 AD2d 669). "[T]he interpretation of a written release is within the province of the court and, if the language of the release is free from ambiguity, its meaning may be determined as a matter of law on the basis of the writing alone without resort to extrinsic evidence" (Matter of Transtate Ins. Co., 297 AD2d 684, 685; see Kulkarni v Arredondo & Co., LLC, 151 AD3d 705, 706; Sicuranza v Philip Howard Apts. Tenants Corp., 121 AD3d 966, 967; Inter-Reco, Inc. v Lake Park 175 Froehlich Farm, LLC, 106 AD3d 955, 955).
Here, the defendant established, prima facie, that based upon paragraphs 1, 4, and 10 of the Master Agreement, the Master Agreement clearly and unambiguously released him from all claims and liabilities under the parties' prior agreements. In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' contention that the release of all obligations in the Master Agreement does not include the release of all liabilities and claims predating it under the prior written agreements, would, in view of paragraph 4, run afoul of basic tenets of contract interpretation that "a court should seek an interpretation which does not render any term or phrase of a contract meaningless or superfluous" (Landmark Ventures, Inc. v H5 Tech., Inc., 152 AD3d 657, 659).
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the causes of action in the amended complaint that do not arise out of the Master Agreement.
MASTRO, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court