Sharabani v Simon Prop. Group, Inc. (2020 NY Slip Op 04886)





Sharabani v Simon Prop. Group, Inc.


2020 NY Slip Op 04886


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-05348
 (Index No. 15224/09)

[*1]Leigh Sharabani, etc., appellant, 
v
Simon Property Group, Inc., defendant, MetaBank, respondent.


Irwin Popkin, Melville, NY (Bromberg Law Office, P.C. [Brian L. Bromberg], and M. Scott Barrett of counsel), for appellant.
Bryan Cave LLP, New York, NY (Christine Cesare, Megan Pierson, and Jonathan E. Ginsberg of counsel), for respondent.



DECISION & ORDER
In a putative class action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered April 18, 2017. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for partial summary judgment on the issue of liability on the breach of contract cause of action insofar as asserted against the defendant MetaBank, granted that branch of the cross motion of the defendant MetaBank which was for summary judgment dismissing the breach of contract cause of action insofar as asserted against it, and denied, as academic, the plaintiff's motion for class certification.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this putative class action alleging that, in May 2007, she received a gift card for her birthday, which was issued by the defendant MetaBank and marketed and promoted by the defendant Simon Property Group, Inc. The gift card had an initial balance of $40 and an expiration date of April 2009. The plaintiff used the gift card to make purchases in January 2008 and January 2009, leaving an available balance of $17.71. On or about July 22, 2009, the plaintiff attempted to make a purchase using the gift card, but she was advised that a $15 renewal fee would be assessed, leaving an available balance of $2.71, which would have been insufficient to pay for her intended purchase. The plaintiff did not renew the gift card.
In the amended complaint, the plaintiff asserted six causes of action. On a prior appeal, this Court determined that the Supreme Court had properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(2) to dismiss so much of the breach of contract cause of action as was premised on the Abandoned Property Law, but erred in granting dismissal of the remainder of that cause of action and the other causes of action asserted in the amended complaint as preempted by federal law. The matter was remitted to the Supreme Court, Nassau County, for a determination, on the merits, of the remaining branches of the defendants' motion (see Sharabani v Simon Prop. Group, Inc., 96 AD3d 24, 31-33).
Following the Supreme Court's determination upon remittitur, the plaintiff served a [*2]second amended complaint. The plaintiff thereafter simultaneously moved for partial summary judgment on the issue of liability on the breach of contract cause of action and for class certification. The defendants separately cross-moved for summary judgment dismissing the second amended complaint insofar as asserted against each of them. In an order entered April 18, 2017, the Supreme Court denied the plaintiff's motion for partial summary judgment, granted the defendants' cross motions for summary judgment dismissing the second amended complaint and denied, as academic, the plaintiff's motion for class certification. The plaintiff appeals, limiting her arguments to the breach of contract cause of action asserted against MetaBank and the denial, as academic, of her motion for class certification.
"A court's fundamental objective in interpreting a contract is to determine the parties' intent from the language employed and to fulfill their reasonable expectations" (Landmark Ventures, Inc. v H5 Tech., Inc., 152 AD3d 657, 658). "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569).
Here, there is no dispute that a contract was formed between the plaintiff and MetaBank, the terms of which are set forth on the sleeve which accompanied the gift card. The gift card cardholder agreement states that the gift card "may not be refunded or exchanged for cash or credit." It imposes a $15 Expired Card Fee to replace an expired gift card. The agreement further states that, upon expiration, the gift card would be closed and any unused balance "will be handled according to applicable law." The agreement provides a phone number through which one may request a new gift card containing the remaining balance, minus the Expired Card Fee.
The plaintiff contends that, upon the expiration of her gift card, the "applicable law" required MetaBank to return the unused balance to her, upon her demand, without payment of any fee. She cites precedent concerning demand deposit accounts (see Marine Bank v Fulton Bank, 69 US 252, 256), although she also contends that the unused balance is similar to a deposit account such as a certificate of deposit.
We agree with the Supreme Court that the plaintiff advances an unreasonable interpretation of the gift card cardholder agreement (see Landmark Ventures, Inc. v H5 Tech., Inc., 152 AD3d at 658; 833 N. Corp. v Tashlik & Assoc., 256 AD2d 535, 537). The unused gift card balance is not a demand deposit account (see Matter of National Union Fire Ins. Co. of Pittsburgh, Pa. v State Bank of Long Is., 6 AD3d 439, 440-441). Insofar as the plaintiff analogizes to a certificate of deposit, she concedes that such deposit accounts may limit access to the funds in accordance with their terms. Here, the terms of the gift card cardholder agreement prohibit cash refunds. Contrary to the plaintiff's contention, this prohibition is not temporally limited to the period prior to expiration of the gift card. Moreover, the regulations of the Office of Thrift Supervision in effect at the time the plaintiff's gift card was issued, "permit[ted] national thrifts to issue stored value giftcards with expiration dates and administrative fees" (SPGGC, LLC v Ayotte, 488 F3d 525, 535 [1st Cir]; see former 12 CFR 545.17).
Therefore, we agree with the Supreme Court's determination that the agreement unambiguously provides that the plaintiff's gift card is not redeemable for cash, was subject to expiration, and is subject to a $15 Expired Card Fee in order for the cardholder to obtain any unused balance post-expiration. Accordingly, we agree with the court's determination denying that branch of the plaintiff's motion which was for partial summary judgment on the issue of liability on the breach of contract cause of action insofar as asserted against MetaBank and granting that branch of MetaBank's cross motion which was for summary judgment dismissing the breach of contract cause of action insofar as asserted against it.
In light of our determination, we also agree with the Supreme Court's determination denying, as academic, the plaintiff's motion for class certification (see Tepper v Cablevision Sys. Corp., 19 AD3d 585, 586).
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court