Blackburn Food Corp. v Ardi, Inc. (2020 NY Slip Op 07850)





Blackburn Food Corp. v Ardi, Inc.


2020 NY Slip Op 07850


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-01808
 (Index No. 609895/15)

[*1]Blackburn Food Corp., et al., respondents- appellants, 
v
Ardi, Inc., et al., appellants- respondents, et al., defendants.


Jeffrey Herzberg, P.C., Hauppauge, NY, for appellants-respondents.
Fleck, Fleck & Fleck, Garden City, NY (Raymond A. Fleck, Jr., of counsel), for respondents-appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Ardi, Inc., Armand's Restaurant, Inc., and Armand LaMacchi, individually and as a shareholder of Ardi, Inc., and Armand's Restaurant, Inc., appeal, and the plaintiffs cross-appeal, from a judgment of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated January 16, 2018. The judgment, insofar as appealed from, after a nonjury trial, is in favor of the plaintiffs and against the defendants Ardi, Inc., Armand's Restaurant, Inc., and Armand LaMacchia, individually and as a shareholder of Ardi, Inc., and Armand's Restaurant, Inc., on the first cause of action, which sought specific performance of a purchase option under a lease agreement. The judgment, insofar as cross-appealed from, is in favor of the defendants Ardi, Inc., Armand's Restaurant, Inc., and Armand LaMacchia, individually and as a shareholder of Ardi, Inc., and Armand's Restaurant, Inc., and against the plaintiffs, in effect, dismissing the second cause of action, which sought to recover, inter alia, rent paid after July 21, 2015, when the plaintiffs exercised their purchase option.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof, in effect, dismissing the second cause of action, and substituting therefor a provision awarding judgment in favor of the plaintiffs and against the defendants Ardi, Inc., Armand's Restaurant, Inc., and Armand LaMacchia, individually and as a shareholder of Ardi, Inc., and Armand's Restaurant, Inc., on the second cause of action to the extent of permitting the plaintiffs to recover the rent paid after July 21, 2015; as so modified, the judgment is affirmed insofar as appealed and cross appealed from, with one bill of costs payable to the plaintiffs, and the matter is remitted to the Supreme Court, Suffolk County, to calculate the amount owed to the plaintiffs in accordance herewith.
On January 15, 2012, the defendant Ardi, Inc., by its majority shareholder Armand LaMacchia, entered into a commercial lease agreement with the plaintiffs. Pursuant to a rider to the lease agreement, the plaintiffs were given an option to purchase the premises for $975,000, with credits against the purchase price of $150,000, plus the amount of base rent actually paid during the first three years of the lease, exclusive of taxes, insurance, and utilities. The same rider further provided, in a separate sentence, that "[t]he option to purchase shall terminate thirty days prior to the end of Year 3." In a supplemental rider, however, the parties agreed that the purchase option "shall expire 30 days prior to Year five." The same supplemental rider provided, in relevant part, that the [*2]provisions of the supplemental rider would prevail over any inconsistent provisions contained in the preprinted lease agreement or the riders.
The plaintiffs exercised the option to purchase on July 21, 2015, during the fourth year of the lease. In exercising the option, the plaintiffs requested all of the credits against the purchase price as set out in the rider. LaMacchia rejected the plaintiffs' exercise of the option, taking the position that the credits set forth in the rider were available only if the purchase option was exercised no later than 30 days prior to the third anniversary of the lease.
The plaintiffs commenced this action against, among others, Ardi, Inc., Armand's Restaurant, Inc., and LaMacchia, individually and as a shareholder of Ardi, Inc., and Armand's Restaurant, Inc. (hereinafter collectively the defendants). In the first cause of action, the plaintiffs sought specific performance of the purchase option with credits against the purchase price, as set forth in the rider. In the second cause of action, the plaintiffs sought, inter alia, to recover all rent paid after July 21, 2015, when they exercised the purchase option.
After a nonjury trial, the Supreme Court awarded judgment in favor of the plaintiffs on the first cause of action and awarded judgment in favor of the defendants, in effect, dismissing the second cause of action. The defendants appeal, and the plaintiffs cross-appeal.
"The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent" (Greenfield v Philles Records, 98 NY2d 562, 569; see Willsey v Gjuraj, 65 AD3d 1228, 1229-1230; Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp., 43 AD3d 860, 861). "[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" and "[e]vidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing" (W.W.W. Assoc., Inc. v Giancontieri, 77 NY2d 157, 162).
Here, the express terms of the rider provided that the plaintiffs would be entitled to credits against the purchase price in the amount of $150,000 plus the amount of base rent actually paid during the first three years of the lease, exclusive of taxes, insurance, and utilities. In a separate sentence, the rider provided that the purchase option must be exercised no later than 30 days before the third anniversary of the lease. We agree with the Supreme Court's determination that by adding the supplemental rider, the parties did not intend to limit the availability of the credits, but only to extend the time within which to exercise the purchase option until 30 days before the commencement of the fifth year of the lease. In other words, the extent of the inconsistency between the provisions of the rider and those of the supplemental rider is limited to the specific sentence of the rider in which the purchase option period is defined. Pursuant to the express terms of the supplemental rider, that sentence of the rider should be disregarded to the extent of the inconsistency, and replaced by the extended purchase option period set forth in the supplemental rider, which is controlling. Accordingly, we agree with the Supreme Court's determination to award judgment in favor of the plaintiffs and against the defendants on the first cause of action.
Turning to the second cause of action, "[i]t is well settled that the legal owner of real property is not entitled to an award for use and occupancy from a contract vendee in possession unless there also exists a landlord-tenant relationship between the parties" (Barbarita v Shilling, 111 AD2d 200, 201; see Kaygreen Realty Co., LLC v IG Second Generation Partners, LP, 78 AD3d 1010, 1015). Under the merger doctrine, "execution of a contract of sale [for real property] between landlord and tenant serves to merge the landlord-tenant relationship into the vendor-vendee relationship and thus effectively terminates the former, unless the parties clearly intend the contrary result" (Barbarita v Shilling, 11 AD2d at 201-202). "An intention to deviate from the general rule and to avoid a merger may be directly expressed in the agreement or may be inferred from a medley of factors such as the terms of the agreement, the circumstances of its making, and the subsequent behavior of the parties" (id. at 202).
Here, contrary to the Supreme Court's finding, the parties did not express an intention to deviate from the general rule or to avoid a merger upon the exercise of the purchase option. To the contrary, the terms of the rider provided, in relevant part, that "[i]n the event that Tenant decides [*3]not to exercise its option to purchase, all provisions herein remain in full force and effect and Tenant remains liable for all payments hereunder, including but not limited to rent" (emphasis added). Since the plaintiffs validly exercised their option to purchase on July 21, 2015, and became a contract vendee in possession, it follows that the landlord-tenant relationship terminated on that date by application of the merger doctrine (see Fulgenzi v Rink, 253 AD2d 846, 848).
Accordingly, the Supreme Court should not have awarded judgment in favor of the defendants, in effect, dismissing the second cause of action to the extent it sought recovery of rent paid after July 21, 2015. We therefore modify the judgment to the extent indicated and remit the matter to the Supreme Court, Suffolk County, to calculate the amount owed to the plaintiffs.
The defendants' remaining contentions either are without merit or need not be reached in light of our determination.
CHAMBERS, J.P., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court