Marcal Fin. SA v Middlegate Sec. Ltd. (2022 NY Slip Op 01421)





Marcal Fin. SA v Middlegate Sec. Ltd.


2022 NY Slip Op 01421


Decided on March 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 08, 2022

Before: Acosta, P.J., Renwick, Webber, Kern, Friedman, JJ. 


Index No. 653351/15 Appeal No. 15474 Case No. 2021-00458 

[*1]Marcal Finance SA et al., Plaintiffs-Respondents,
v
Middlegate Securities Ltd., Defendant-Appellant, Isaac Sutton et al., Defendants.


Wachtel Missry LLP, New York (Evan S. Weintraub of counsel), for appellant.
Storch Byrne LLP, New York (Steven G. Storch of counsel), for respondents.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered December 30, 2020, which denied the motion of defendant Middlegate Securities Ltd. (Middlegate) to dismiss all claims against it, unanimously modified, on the law, the motion granted as to the breach of fiduciary duty, unjust enrichment, money had and received, conversion, and accounting claims, and otherwise affirmed, without costs.
The breach of contract claim against Middlegate was sufficiently alleged. Plaintiffs alleged that they entered into an agreement with Middlegate to manage their inheritance for their benefit and that Middlegate breached the agreement by misappropriating the funds. Although most of the conduct specifically complained of was alleged to have been committed by other defendants, there were at least a few allegations of misconduct by Middlegate, including that Middlegate faxed a forged transfer authorization and created an affiliated entity for the purpose of laundering plaintiffs' funds. Middlegate's reliance on an affidavit to disprove its involvement is misplaced, as this did not constitute documentary evidence (see Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc., 120 AD3d 431, 432 [1st Dept 2014]).
The breach of contract claim was also timely. Plaintiffs commenced this action on October 7, 2015. The statute of limitations for a breach of contract claim is six years, running from the date of the breach (see CPLR 213[2]; Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402 [1993]), in this case, when plaintiffs' money was transferred in violation of their agreement. Because plaintiffs have alleged a series of unauthorized transfers, the continuing wrong doctrine tolled the running of the statute of limitations until the last such transfer was made (see CWCapital Cobalt VR Ltd. v CWCapital Invs. LLC, 195 AD3d 12, 17-20 [1st Dept 2021]). Although the complaint failed to specify when each transfer took place, a defect that would otherwise be fatal (see Mejia v T.N. 888 Eighth Ave. LLC Co., 169 AD3d 613, 614 [1st Dept 2019]), it can be inferred from the Middlegate fax, which was before the motion court, that at least one of the transfers was made in or about March 2011, rendering the breach of contract claim timely.
The breach of fiduciary duty claim should, however, have been dismissed as time-barred. This claim also accrued when the unauthorized transfers were made (see generally IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 140 [2009] ["A tort claim accrues . . . when all elements of the tort can be truthfully alleged"]), but the applicable statute of limitations is only three years (see CPLR 214[4]; Kaufman v Cohen, 307 AD2d 113, 118 [1st Dept 2003]).
The conversion claim should also have been dismissed as time-barred, as it also accrued when the unauthorized transfers were made (see Vigilant Ins. Co. of Am. v Housing Auth. Of City of El Paso, Tex., 87 NY2d 36, 44-45 [1995] [conversion claim accrues at time of conversion[*2]]) and was subject to a three-year limitations period (see CPLR 214[3]; Vigilant at 44).
Because those claims are time-barred, we need not consider the sufficiency of the related allegations.
The unjust enrichment and money had and received claims against Middlegate were not sufficiently alleged because plaintiffs failed to allege that Middlegate was ever in receipt of their funds or any related fees (see generally Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011] [unjust enrichment]; Lebovits v Bassman, 120 AD3d 1198, 1199 [2d Dept 2014] [money had and received]).
The accounting claim against Middlegate was also not sufficiently alleged because plaintiffs did not claim to have made any prior demand on Middlegate for an accounting (see Kaufman, 307 AD2d at 123-124).
Because those claims were not sufficiently alleged, we need not reach the question of their timeliness.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 8, 2022