PSCW, Inc. v Monaco (2023 NY Slip Op 02542)

PSCW, Inc. v Monaco

2023 NY Slip Op 02542

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-08727
 (Index No. 616961/17)

[*1]PSCW, Inc., appellant,
v
Arthur Monaco, respondent.

Walsh & Roth, LLP, West Babylon, NY (Joseph P. Walsh and David I. Roth of counsel), for respondent.
William C. Goggins, Mattituck, NY, for appellant.

DECISION & ORDER
In an action for specific performance of an option to purchase certain real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated October 16, 2020. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, and denied the plaintiff's cross-motion for summary judgment on the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant is the owner of real property located in Holbrook. In July 2002, the defendant leased the premises to a corporation he formed known as Lark Car Wash, Inc. (hereinafter Lark), for the purpose of operating a car wash business. Lark then sold its car wash business to nonparty MSK Enterprises, Inc., doing business as Vets Car Wash (hereinafter MSK), and assigned the lease for the premises to MSK. Simultaneously, the defendant and MSK executed a first purchase option agreement (hereinafter the option agreement), wherein the defendant granted MSK an option to purchase the property at a certain price with the option term to commence in September 2016. The twelfth paragraph of the option agreement, however, prohibited the option from being assigned without the express written consent of the defendant.
In September 2009, the defendant and MSK executed amendments to the lease (hereinafter the lease amendment) and the option agreement (hereinafter the option amendment), respectively providing, insofar as is relevant to this appeal, that the defendant's consent to an assignment of the lease "shall be deemed granted" if the assignment "is in conjunction with the sale of [MSK's] car wash business to a third-party purchaser" and that MSK "shall have an option to purchase the [ ] Premises" pursuant to the option agreement and the option amendment. Both the lease amendment and option amendment further provided that, "except as modified hereby, all other terms of the [lease and option agreement] shall remain unchanged and in full force and effect." In December 2009, MSK sold the car wash business to the plaintiff and assigned the lease, as amended, to the plaintiff. In 2017, the plaintiff sent notice to the defendant of its intention to exercise the purchase option, which the defendant rejected.
Thereafter, the plaintiff commenced this action for specific performance of the [*2]purchase option. The defendant moved, inter alia, for summary judgment dismissing the complaint on the ground that he had not given his express written consent to assign the purchase option to the plaintiff as required by the twelfth paragraph of the option agreement. The plaintiff opposed the motion and cross-moved for summary judgment on the complaint. In an order dated October 16, 2020, the Supreme Court, among other things, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and denied the plaintiff's cross-motion for summary judgment on the complaint. The plaintiff appeals, and we affirm.
"The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent" (Greenfield v Philles Records, 98 NY2d 562, 569; see Blackburn Food Corp. v Ardi, Inc., 189 AD3d 1329, 1331). "[W]here the terms of a contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and reading the contract as a whole" (Tomhannock, LLC v Roustabout Resources, LLC, 33 NY3d 1080, 1082 [internal quotation marks omitted]; see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162). "Further, a court should not adopt an interpretation which would leave any provision without force and effect" (Sunrise Mall Assoc. v Import Alley of Sunrise Mall, 211 AD2d 711, 711; see GPB Capital Holdings, LLC v Dibre, 186 AD3d 574, 575). "[W]here a contract was negotiated between sophisticated, counseled business people negotiating at arm's length, courts should be especially reluctant to interpret an agreement as impliedly stating something which the parties specifically did not include" (Donohue v Cuomo, 38 NY3d 1, 12 [internal quotation marks omitted]; see Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475).
Here, giving a practical interpretation to the language of the lease, the option agreement, the lease amendment, and the option amendment, the defendant established, prima facie, that his express written consent was required to effect an assignment of the purchase option to the plaintiff (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that the defendant's express written consent to assign the purchase option was not required because it was a valid assignee of the lease, as amended, would wrongly render the twelfth paragraph of the option agreement without force and effect (see GPB Capital Holdings, LLC v Dibre, 186 AD3d at 575; Sunrise Mall Assoc. v Import Alley of Sunrise Mall, 211 AD2d at 711). In addition, the plaintiff does not dispute that the defendant never gave his express written consent to assign the purchase option.
The plaintiff's remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court