Matter of Edelen (2023 NY Slip Op 04444)

Matter of Edelen

2023 NY Slip Op 04444

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-03029
2020-06324

[*1]In the Matter of Robert Edelen, Jr., etc., deceased. Donna King-Edelen, respondent; Kathy May Edelen, appellant. (File No. 251/15)

Fabricant Lipman & Frishberg, PLLC, Goshen, NY (Neal D. Frishberg of counsel), for appellant.
Fanning & Hughes, PLLC, Forest Hills, NY (Christopher Fanning of counsel), for respondent.

DECISION & ORDER
In a probate proceeding in which Donna King-Edelen petitioned pursuant SCPA 1809 to determine the validity of a claim against the estate of Robert Edelen, Jr., Kathy May Edelen, as executor of the estate of Robert Edelen, Jr., appeals from (1) an order of the Surrogate's Court, Orange County (Timothy P. McElduff, Jr., S.), dated February 4, 2020, and (2) a decree of the same court dated July 6, 2020. The order, insofar as appealed from, granted the petitioner's motion for summary judgment on the petition to the extent of determining that the petitioner was entitled to the principal sum of $134,375 on the claim, and denied the cross-motion of Kathy May Edelen for summary judgment dismissing the petition. The decree, upon the order, awarded the petitioner the principal sum of $134,375, plus interest from February 2, 2015, attorneys' fees, and costs.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the decree is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree in this proceeding (see Matter of Aho, 39 NY2d 241, 247). The issues raised on the appeal from the order are brought up for review and have been [*2]considered on the appeal from the decree (see CPLR 5501[a][1]).
Robert Edelen, Jr. (hereinafter the decedent), and Donna King-Edelen (hereinafter the petitioner) were married in May 1988 and had two children, born in 1989 and 1998. On May 7, 2001, the decedent and the petitioner entered into a separation agreement that provided, among other things, that the decedent would maintain three life insurance policies, in the amounts of $25,000, $100,000, and $148,575, naming the petitioner as the beneficiary in the capacity of trustee for the benefit of the children until both children were emancipated. The agreement also provided that the decedent was to provide the petitioner with proof that the policies were in effect. The agreement further provided that if the decedent predeceased the petitioner and any policy was not in effect, then the decedent's estate would be liable for the face amount of the policy. As to the decedent's obligation to pay child support, the agreement provided that it would terminate upon certain emancipation events, which included the "[d]eath of . . . the [decedent]." The separation agreement was incorporated but not merged into a judgment of divorce.
After the decedent's death on February 2, 2015, the petitioner received the proceeds of a policy for $100,000. Subsequently, the petitioner presented the executor of the decedent's estate a claim against the estate for the sum of $173,575, as there were no policies in effect in the amounts of $25,000 and $148,575 at the time of the decedent's death. After the executor failed to allow the claim, in March 2016, the petitioner filed a petition pursuant to SCPA 1809 to determine the validity of the claim. Thereafter, the petitioner moved for summary judgment on the petition, and the executor cross-moved for summary judgment dismissing the petition. The Surrogate's Court granted the petitioner's motion to the extent of determining that the petitioner was entitled to the principal sum of $134,375 on the claim, consisting of $25,000 plus $109,375, which would have been the face amount of the policy for $148,575 at the time of the decedent's death had it been maintained, and denied the executor's cross-motion. The court then entered a decree awarding the petitioner the principal sum of $134,375, plus interest from February 2, 2015, attorneys' fees, and costs. The executor appeals.
On appeal, the executor argues that the decedent's obligation to maintain the life insurance policies terminated upon his death, because the decedent's death was characterized as an emancipation event in the separation agreement, and, in any event, the policy for $148,575 did not have to be maintained once the mortgage on the marital residence in the name of the petitioner and the decedent was satisfied. An agreement that states that an obligation to maintain life insurance terminates upon the death of the insured—just when the policy proceeds become payable—is meaningless. Such would be contrary to the "basic tenets of contract interpretation that 'a court should seek an interpretation which does not render any term or phrase of a contract meaningless or superfluous'" (GPB Capital Holdings, LLC v Dibre, 186 AD3d 574, 575, quoting Landmark Ventures, Inc. v H5 Tech., Inc., 152 AD3d 657, 659). Further, there was no provision in the separation agreement that made the obligation to maintain the life insurance policies contingent upon the existence of the mortgage held by the petitioner and the decedent in joint names. Rather, the separation agreement provided that the obligation was to continue "until such time that both children are emancipated."
The executor also contends that there was an abandonment of the decedent's obligation to maintain life insurance. It is true that there is no evidence that the decedent ever provided the petitioner with proof that the insurance policies remained in effect. However, "'[t]o establish abandonment of a contract by conduct, it must be shown that the conduct is mutual, [*3]positive, unequivocal, and inconsistent with the intent to be bound.' Generally, a finding of an abandonment will be based upon clear, affirmative conduct by at least one of the parties that is entirely at odds with the contract" (EMF Gen. Contr. Corp. v Bisbee, 6 AD3d 45, 49-50 [citations omitted], quoting Rosiny v Schmidt, 185 AD2d 727, 732). Here, the decedent and the petitioner did not engage in conduct that was entirely at odds with the separation agreement. Indeed, the decedent continued to maintain the policy for $100,000 in accordance with the terms of the separation agreement.
Further, the petitioner's claim was not time-barred. The general rule is that the statute of limitations of six years governing breach of contract causes of action runs from the date of the breach (see Marcal Fin. SA v Middlegate Sec. Ltd., 203 AD3d 467, 468), even if damage does not occur until later (see Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402). However, where the contract imposes a continuing obligation (see CWCapital Cobalt VR Ltd. v CWCapital Invs. LLC, 195 AD3d 12; Garron v Bristol House, Inc., 162 AD3d 857), a cause of action based upon breach of that obligation is not time-barred, although damages may be limited to damages occurring in the six years prior to the commencement of the action (see Bulova Watch Co. v Celotex Corp., 46 NY2d 606, 611-612; Makarchuk v Makarchuk, 59 AD3d 1094, 1095). Maintenance of life insurance policies involves a continuing obligation, with the final breach and damages resulting therefrom occurring upon the death of the insured (see Augustine v Szwed, 77 AD2d 298, 300).
If the petitioner had been specifically advised that the decedent was not complying with his obligation to maintain life insurance, and took no action, her claim may have been barred (see e.g. DeBenedettis v DeBenedettis, 144 AD2d 527). If a party is specifically advised of a breach and takes no action, the failure to take action may be construed as a waiver (see 1602 Ave. Y v Markowitz, 274 AD2d 506). However, "[a] waiver will not be inferred from mere silence or inaction. A waiver requires that the party to be estopped be aware of certain facts and, being aware of them, elect not to take advantage of them" (Chapin v Chapin, 295 AD2d 389, 391 [citations and internal quotation marks omitted]). In this case, there was no admissible evidence that the petitioner was advised that the policies had lapsed (see Matter of Wachtel, NYLJ, Jan. 13, 1999 at 1, col 3, 1999 NYLJ LEXIS 2003 [Sur Ct, Nassau County]). Further, the separation agreement explicitly provided that any waiver by a party of any provision "shall not be deemed a continuing waiver and shall not prevent or stop such Party from thereafter enforcing such provision," and that a "failure of either Party to insist in any one or more instances upon the strict performance of any of the terms . . . shall not be construed as a waiver or relinquishment for the future of any such term or provision, but the same shall continue in full force and effect."
The executor's remaining contentions are without merit.
Thus, the petitioner established her prima facie entitlement to judgment as a matter of law, and the executor failed to raise a triable issue of fact in opposition. Accordingly, the Surrogate's Court properly granted the petitioner's motion for summary judgment on the petition to the extent of determining that the petitioner was entitled to the principal sum of $134,375 on the claim and, for the same reasons, properly denied the executor's cross-motion for summary judgment dismissing the petition.
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court