Mensah v New York Inst. of Tech. (2024 NY Slip Op 00233)

Mensah v New York Inst. of Tech.

2024 NY Slip Op 00233

Decided on January 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 18, 2024

Before: Oing, J.P., Kennedy, Mendez, Rodriguez, Michael, JJ. 

Index No. 100068/23 Appeal No. 1460-1461 Case No. 2023-02744 2023-02745 

[*1]Seth A. Mensah, Plaintiff-Appellant,
v
New York Institute of Technology, Defendant-Respondent. 

Seth A. Mensah, appellant pro se.
Clifton Budd & DeMaria, LLP, New York (Douglas P. Catalano and Melissa A. Romain of counsel), for respondent.

Orders, Supreme Court, New York County (Gerald Lebovitz, J.), entered March 29 and March 30, 2023, which denied plaintiff's cross-motion for a default judgment against defendant, and granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
The motion court providently denied plaintiff's cross-motion for a default judgment, as defendant timely filed a pre-answer motion to dismiss (see CPLR 3215[a]).
To the extent plaintiff asserts that defendant breached a contractual obligation to provide him with grades for courses that he admittedly never paid tuition for, his action is time-barred under the six-year statute of limitations for breach of contract claims (see CPLR 213; Matter of Edelen, 219 AD3d 931, 934 [2d Dept 2023], citing Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402 [1993]; see also Marcal Fin. SA v Middlegate Sec. Ltd., 203 AD3d 467, 468 [1st Dept 2022]). Plaintiff alleges that he attended the courses that he seeks grades for between 2003 and 2004, which is well outside the six-year statute of limitations. Moreover, the complaint fails to allege that he attempted to obtain his transcripts or certificate of graduation again after 2009, when defendant's last "breach" could have arguably occurred.
In any event, the complaint is devoid of facts supporting breach of an implied contract between plaintiff and defendant, as there is no allegation that defendant made specific promises set forth in its bulletins, circulars or handbooks, which were material to plaintiff's relationship with the school (see Jeffers v American Univ. of Antigua, 125 AD3d 440, 441-442 [1st Dept 2015]; Keefe v New York Law School, 71 AD3d 569, 570 [1st Dept 2010]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2024